1  CHARLENE M. MORROW (CSB No. 136411)
   cmorrow@fenwick.com
2  VIRGINIA K. DEMARCHI (CSB No. 168633)
   vdemarchi@fenwick.com
3  HECTOR J. RIBERA (CSB No. 221511)
   hribera@fenwick.com
4  RYAN TYZ (CSB No. 234895)
   rtyz@fenwick.com
5  RAVI RANGANATH (CSB No. 272981)
   rranganath@fenwick.com
6  FENWICK & WEST LLP
   Silicon Valley Center
7  801 California Street
   Mountain View, CA  94041
8  Telephone:     650.988.8500
   Facsimile:     650.938.5200
9
   Attorneys for Defendants
10 LSI CORPORATION and
   AGERE SYSTEMS INC.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15

16 BARNES & NOBLE, INC. and                  Case No.: 11-CV-02709 EMC
   BARNESANDNOBLE.COM LLC,
17                                            **DEFENDANTS LSI CORPORATION AND
                  Plaintiffs,                 AGERE SYSTEM INC.'S ANSWER TO
18                                            PLAINTIFFS' AMENDED COMPLAINT
         v.                                   FOR DECLARATORY JUDGMENT OF
19                                            PATENT NON-INFRINGEMENT AND
   LSI CORPORATION and                        INVALIDITY AND COUNTERCLAIMS**
20 AGERE SYSTEMS INC.,
                                              The Hon. Edward M. Chen
21                Defendants.
                                              **JURY TRIAL DEMANDED**
22

23 I.    **ANSWER**

24       Declaratory judgment defendants LSI Corporation ("LSI") and Agere Systems, Inc.

25 ("Agere," and collectively with LSI, "Defendants") hereby answer plaintiffs Barnes &Noble, Inc.

26 ("Barnes & Noble") and Barnesandnoble.com LLC's ("Barnesandnoble.com," and collectively,

27 "Plaintiffs") Amended Complaint for Declaratory Judgment ("Complaint"), and counter-claim

28 against Plaintiffs as set forth below:

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**THE NATURE OF THE ACTION**

1.    Defendants admit that LSI is the assignee of U.S. Patent No. 6,119,091 (the "'091 patent"), entitled "DVD Audio Decoder Having a Direct Access PCM FIFO." Defendants deny each and every remaining allegation in Paragraph 1 of the Complaint.

2.    Defendants deny each and every allegation in Paragraph 2 of the Complaint.

3.    Defendants deny each and every allegation in Paragraph 3 of the Complaint.

4.    Defendants admit that Barnes & Noble and Barnesandnoble.com seek declaratory judgments of non-infringement and invalidity of U.S. Patent No. 5,546,420 (the "'420 patent"), entitled "Methods of and Devices for Enhancing Communications that Use Spread Spectrum Technology by Using Variable Power Techniques"; U.S. Patent No. 5,670,730 (the "'730 patent"), entitled "Data Protocol and Method for Segmenting Memory for a Music Chip"; U.S. Patent No. 5,862,182 (the "'182 patent"), entitled "OFDM Digital Communications System Using Complementary Codes"; U.S. Patent No. 5,920,552 (the "'552 patent"), entitled "Variable Rate Coding for Wireless Applications"; U.S. Patent No. 6,044,073 (the "'073 patent"), entitled "Methods of and Devices for Enhancing Communications that Use Spread Spectrum Technology by Using Variable Power Techniques"; U.S. Patent No. 6,404,732 (the "'732 patent"), entitled "Digital Modulation System Using Modified Orthogonal Codes to Reduce Autocorrelation"; U.S. Patent No. 6,452,958 (the "'958 patent"), entitled "Digital Modulation System Using Extended Code Set"; U.S. Patent No. 6,707,867 (the "'867 patent"), entitled "Wireless Local Area Network Apparatus"; U.S. Patent No. 7,583,582 (the "'582 patent"), entitled "M-ary Orthogonal Keying System"; and U.S. Patent No. 7,477,633 (the "'633 patent"), entitled "Method and apparatus for varying the number of pilot tones in a multiple antenna communication system" (collectively, the "Agere Patents") and of U.S. Patent No. 6,119,091 (the "'091 patent"), entitled "DVD Audio Decoder Having a Direct Access PCM FIFO" (collectively with the Agere Patents, the "patents-in-suit").

**THE PARTIES**

5.    Defendants admit that Barnes & Noble purports to be a Delaware corporation with its principal place of business at 122 Fifth Avenue, New York, New York 10011.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

6.      Defendants admit that Barnesandnoble.com purports to be a Delaware corporation with its principal place of business at 76 Ninth Avenue, New York, New York 10011.

7.      Defendants admit that LSI is a Delaware corporation and has its principal place of business at 1621 Barber Lane, Milpitas, California 95035.

8.      Defendants admit that Agere is a Delaware corporation and has its principal place of business at 1110 American Parkway, N.E., Allentown, Pennsylvania 18109.

## JURISDICTION AND VENUE

9.      Defendants admit that the Complaint purports to set forth claims arising under the patent laws of the United States.

10.      Defendants admit that this Court has subject matter jurisdiction over this action (as amended) pursuant to 28 U.S.C. §§ 1331, 1338(a), but as set forth in their motions to dismiss, Defendants deny that subject matter jurisdiction over the newly added claims against Agere is proper otherwise, and hereby preserve their right to appeal the Court's ruling on these motions.

11.      Defendants admit that LSI maintains its corporate headquarters in the State of California and that this Court has personal jurisdiction over LSI.  Defendants deny each and every remaining allegation in Paragraph 11 of the Complaint.

12.      Defendants admit that Agere has participated in a prior litigation in this forum, *SanDisk Corp. v. LSI Corp.*, Case No. 09-cv-2797-WHA, a case that involved claims of infringement of the '730 patent.  Defendants further admit that this Court has personal jurisdiction over Agere for purposes of this lawsuit only.  Defendants deny each and every remaining allegation in Paragraph 12 of the Complaint.

13.      Defendants admit that, beginning in June 2010 Barnes & Noble was put on notice that products that it made, used, sold, offered for sale, and/or imported into the United States infringed one or more claims of the patents-in-suit, and that Defendants gave Barnes & Noble an opportunity to obtain licenses to those patents.  Defendants admit that Barnes & Noble, being aware of its infringing actions, could reasonably apprehend litigation relating to that infringement.  Defendants deny each and every remaining allegation in Paragraph 13 of the Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

14.     Defendants admit that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), but deny that this forum is convenient under 28 U.S.C. § 1404.

## INTRADISTRICT ASSIGNMENT

15.     Defendants admit that this is an Intellectual Property Action under Civil L.R. 3-2(c), but deny that the action needs to be reassigned.

## GENERAL ALLEGATIONS

16.     Defendants admit that LSI is the assignee of the '091 patent and that Agere is the assignee of the Agere Patents.  Defendants further admit that Plaintiffs purports to have attached as Exhibits A through K true and correct copies of the patents-in-suit.  Defendants deny each and every remaining allegation in Paragraph 16 of the Complaint.

17.     Defendants deny each and every allegation in Paragraph 17 of the Complaint.

18.     Defendants deny each and every allegation in Paragraph 18 of the Complaint.

19.     Defendants admit that on July 27, 2011, LSI and Agere filed suit against Barnes & Noble and Barnesandnoble.com in the United States District Court for the Eastern District of Pennsylvania, alleging infringement of the patents-in-suit.

20.     Defendants are without knowledge and therefore deny each and every allegation in Paragraph 20 of the Complaint.

21.     Defendants deny each and every allegation in Paragraph 21 of the Complaint.

22.     Defendants deny each and every allegation in Paragraph 22 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,546,420)**

23.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

24.     Defendants deny each and every allegation in Paragraph 24 of the Complaint..

25.     Defendants deny each and every allegation in Paragraph 25 of the Complaint.

26.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '420 patent.  Defendants deny each and every remaining allegation in

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Paragraph 26 of the Complaint.

27.     Defendants deny each and every allegation in Paragraph 27 of the Complaint..

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,670,730)**

28.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

29.     Defendants deny each and every allegation in Paragraph 29 of the Complaint.

30.     Defendants deny each and every allegation in Paragraph 30 of the Complaint.

31.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '730 patent.  Defendants deny each and every remaining allegation in Paragraph 31 of the Complaint.

32.     Defendants deny each and every allegation in Paragraph 32 of the Complaint.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,862,182)**

33.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

34.     Defendants deny each and every allegation in Paragraph 34 of the Complaint.

35.     Defendants deny each and every allegation in Paragraph 35 of the Complaint.

36.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '182 patent.  Defendants deny each and every remaining allegation in Paragraph 36 of the Complaint.

37.     Defendants deny each and every allegation in Paragraph 37 of the Complaint.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,920,552)**

38.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

39.     Defendants deny each and every allegation in Paragraph 39 of the Complaint.

40.     Defendants deny each and every allegation in Paragraph 40 of the Complaint.

41.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '552 patent.  Defendants deny each and every remaining allegation in Paragraph 41 of the Complaint.

42.     Defendants deny each and every allegation in Paragraph 42 of the Complaint.

### FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,044,073)**

43.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

44.     Defendants deny each and every allegation in Paragraph 44 of the Complaint.

45.     Defendants deny each and every allegation in Paragraph 45 of the Complaint.

46.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '073 patent.  Defendants deny each and every remaining allegation in Paragraph 46 of the Complaint.

47.     Defendants deny each and every allegation in Paragraph 47 of the Complaint.

### SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,119,091)**

48.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

49.     Defendants deny each and every allegation in Paragraph 49 of the Complaint.

50.     Defendants deny each and every allegation in Paragraph 50 of the Complaint.

51.     Defendants admit that there is an actual controversy between LSI and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '091 patent.  Defendants deny each and every remaining allegation in Paragraph 51 of the Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

52.     Defendants deny each and every allegation in Paragraph 52 of the Complaint..

**SEVENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,404,732)**

53.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

54.     Defendants deny each and every allegation in Paragraph 54 of the Complaint.

55.     Defendants deny each and every allegation in Paragraph 55 of the Complaint.

56.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '732 patent.  Defendants deny each and every remaining allegation in Paragraph 56 of the Complaint.

57.     Defendants deny each and every allegation in Paragraph 57 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,452,958)**

58.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

59.     Defendants deny each and every allegation in Paragraph 59 of the Complaint.

60.     Defendants deny each and every allegation in Paragraph 60 of the Complaint.

61.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '958 patent.  Defendants deny each and every remaining allegation in Paragraph 61 of the Complaint.

62.     Defendants deny each and every allegation in Paragraph 62 of the Complaint.

**NINTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,707,867)**

63.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

64.     Defendants deny each and every allegation in Paragraph 64 of the Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

65.     Defendants deny each and every allegation in Paragraph 65 of the Complaint.

66.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '867 patent.  Defendants deny each and every remaining allegation in Paragraph 66 of the Complaint.

67.     Defendants deny each and every allegation in Paragraph 67 of the Complaint.

**TENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,583,582)**

68.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

69.     Defendants deny each and every allegation in Paragraph 69 of the Complaint.

70.     Defendants deny each and every allegation in Paragraph 70 of the Complaint.

71.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '582 patent.  Defendants deny each and every remaining allegation in Paragraph 71 of the Complaint.

72.     Defendants deny each and every allegation in Paragraph 72 of the Complaint.

**ELEVENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,477,633)**

73.     Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 22 of the Complaint, as though fully set forth herein.

74.     Defendants deny each and every allegation in Paragraph 74 of the Complaint.

75.     Defendants deny each and every allegation in Paragraph 75 of the Complaint.

76.     Defendants admit that there is an actual controversy between Agere and Barnes & Noble and Barnesandnoble.com with respect to Barnes & Noble and Barnesandnoble.com's infringement of the '633 patent.  Defendants deny each and every remaining allegation in Paragraph 76 of the Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

77.     Defendants deny each and every allegation in Paragraph 77 of the Complaint.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any relief requested or to any relief whatsoever.

## II.     DEFENSES

Defendants allege and assert the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

1.      Plaintiffs have each infringed the patents-in-suit.

2.      The patents-in-suit are valid and enforceable.

Defendants reserve the right to assert affirmative and other defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## III.    COUNTERCLAIMS

LSI Corporation ("LSI") and Agere Systems Inc. ("Agere," and collectively with LSI, "Counterclaimants") assert the following counterclaims against Barnes & Noble, Inc. ("Barnes & Noble") and Barnesandnoble.com LLC ("Barnesandnoble.com," and collectively with Barnes & Noble, "Counterclaim Defendants"):

**THE NATURE OF THE ACTION**

1.      This is a civil action for infringement of U.S. Patent No. 5,546,420 (the "'420 patent"), entitled "Methods of and Devices for Enhancing Communications that Use Spread Spectrum Technology by Using Variable Power Techniques"; U.S. Patent No. 5,670,730 (the "'730 patent"), entitled "Data Protocol and Method for Segmenting Memory for a Music Chip"; U.S. Patent No. 5,862,182 (the "'182 patent"), entitled "OFDM Digital Communications System Using Complementary Codes"; U.S. Patent No. 5,920,552 (the "'552 patent"), entitled "Variable Rate Coding for Wireless Applications"; U.S. Patent No. 6,044,073 (the "'073 patent"), entitled "Methods of and Devices for Enhancing Communications that Use Spread Spectrum Technology by Using Variable Power Techniques"; U.S. Patent No. 6,404,732 (the "'732 patent"), entitled "Digital Modulation System Using Modified Orthogonal Codes to Reduce Autocorrelation"; U.S.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Patent No. 6,452,958 (the "'958 patent"), entitled "Digital Modulation System Using Extended Code Set"; U.S. Patent No. 6,707,867 (the "'867 patent"), entitled "Wireless Local Area Network Apparatus"; U.S. Patent No. 7,583,582 (the "'582 patent"), entitled "M-ary Orthogonal Keying System"; and U.S. Patent No. 7,477,633 (the "'633 patent"), entitled "Method and apparatus for varying the number of pilot tones in a multiple antenna communication system" (collectively, the "Agere Patents") and of U.S. Patent No. 6,119,091 (the "'091 patent"), entitled "DVD Audio Decoder Having a Direct Access PCM FIFO" (collectively with the Agere Patents, the "patents-in-suit").

## JURISDICTION AND VENUE

2.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. §§ 1331, 1338(a).

3.      Counterclaim Defendants filed their original and amended complaints for declaratory judgment in this Court.

4.      On information and belief, Counterclaim Defendants promote, market, offer for sale, sell, or import products and/or services that directly or indirectly infringe the patents-in-suit within the Northern District of California.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1400(b). Defendants reserve the right to object to this forum as inconvenient under 28 U.S.C. § 1404.

## PARTIES

6.      Counterclaimant LSI is a Delaware corporation with its headquarters and principal place of business at 1621 Barber Lane, Milpitas, California 95035.  LSI is a leading provider of silicon and software technologies, offering a broad portfolio of services including integrated circuits, adapters, and software.  LSI has offices and carries out significant operations in Milpitas, California.  LSI is the assignee of and owns all rights to the '091 patent.

7.      Counterclaimant Agere is a Delaware corporation with its principal place of business at 1110 American Parkway, N.E., Allentown, Pennsylvania 18109.  Agere is the wholly owned subsidiary of LSI.  Agere is the assignee of and owns all rights to the '730, '420, '552,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

'073, '867, '182, '732, '958, '582, and '633 patents.

8.      Counterclaim Defendant Barnesandnoble.com is a Delaware corporation with headquarters and principal place of business in New York, New York.  Barnesandnoble.com offers for sale, sells and distributes electronic book reader hardware (such as the various versions of the "NOOK™"), Barnes & Noble software, and digital content for the electronic book readers via the Internet, for example, though an eCommerce site accessible via the barnesandnoble.com domain.

9.      Counterclaim Defendant Barnes & Noble, the parent company of Barnesandnoble.com, is a Delaware corporation with headquarters and principal place of business in New York, New York.  On information and belief, Barnes & Noble owns and operates a network of retail stores that offers for sale and sells electronic book reader hardware (such as the various versions of the NOOK™), as well as books, magazines, and related products.

## FIRST COUNTERCLAIM
### (Infringement of U.S. Patent No. 5,670,730)

10.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

11.     Agere has owned the '730 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '730 patent.  A copy of the '730 patent, entitled "Data Protocol and Method for Segmenting Memory for a Music Chip" is attached hereto as **Exhibit A**.

12.     Agere has provided notice of the '730 patent to Counterclaim Defendants through at least filing and service of its complaint in the Eastern District of Pennsylvania, *Agere Systems Inc., et al. v. Barnes & Noble, Inc., et al.*, Civil Action No. 5:11-cv-04751-LS (E.D. Pa.) (the "Pennsylvania Action"), and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

13.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '730 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

audio player devices, such as the NOOK™, for storing and playing "MP3/ID3" encoded audio files. These devices embody and/or practice one or more claims of the '730 patent.

14.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '730 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, audio player devices, such as the NOOK™, for storing and playing "MP3/ID3" encoded audio files. These devices embody and/or practice one or more claims of the '730 patent.

15.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '730 patent. On information and belief, the '730 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnes & Noble's customers using the MP3/ID3 audio storage capability in the audio player devices, such as the NOOK™. On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

16.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '730 patent. On information and belief, the '730 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnesandnoble.com's customers using the MP3/ID3 audio storage capability in the audio player devices, such as the NOOK™. On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

17.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '730 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of audio player devices that constitute a material part of the invention recited in one or more claims of the '730 patent, that are especially made or adapted for use in an

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

infringement of the '730 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

18.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '730 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of audio player devices that constitute a material part of the invention recited in one or more claims of the '730 patent, that are especially made or adapted for use in an infringement of the '730 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

19.     On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

20.     Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '730 patent and that their acts described above would directly and/or indirectly infringe the '730 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '730 patent.

21.     As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '730 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## SECOND COUNTERCLAIM
### (Infringement of U.S. Patent No. 5,546,420)

22.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

23.     Agere has owned the '420 patent throughout the period of Counterclaim

Defendants' infringing acts and currently owns the '420 patent. A copy of the '420 patent, entitled "Methods of and Devices for Enhancing Communications That Use Spread Spectrum Technology by Using Variable Code Techniques" is attached hereto as **Exhibit B**.

24. Agere has provided notice of the '420 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

25. On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '420 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™. These devices embody and/or practice one or more claims of the '420 patent.

26. On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '420 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™. These devices embody and/or practice one or more claims of the '420 patent.

27. On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '420 patent. On information and belief, the '420 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnes & Noble's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content. On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

28. On information and belief, Barnesandnoble.com has been, is currently, and unless

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

enjoined, will continue to actively induce and encourage infringement of the '420 patent.  On information and belief, the '420 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnesandnoble.com's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

29.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '420 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '420 patent, that are especially made or adapted for use in an infringement of the '420 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

30.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '420 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '420 patent, that are especially made or adapted for use in an infringement of the '420 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

31.     On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

32.     Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '420 patent and that their acts described above would directly and/or indirectly infringe the '420 patent, but acted despite an

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

objectively high likelihood that such acts would infringe the patent. Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '420 patent.

33.    As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '420 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief. Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## THIRD COUNTERCLAIM
### (Infringement of U.S. Patent No. 5,920,552)

34.    Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

35.    Agere has owned the '552 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '552 patent. A copy of the '552 patent, entitled "Variable Rate Coding for Wireless Applications" is attached hereto as **Exhibit C**.

36.    Agere has provided notice of the '552 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

37.    On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '552 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™. These devices embody and/or practice one or more claims of the '552 patent.

38.    On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '552 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™. These devices embody and/or practice one or more claims of the '552 patent.

39.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '552 patent.  On information and belief, the '552 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

40.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '552 patent.  On information and belief, the '552 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

41.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '552 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '552 patent, that are especially made or adapted for use in an infringement of the '552 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

42.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '552 patent by making, using,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '552 patent, that are especially made or adapted for use in an infringement of the '552 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

43.     On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

44.     Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '552 patent and that their acts described above would directly and/or indirectly infringe the '552 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '552 patent.

45.     As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '552 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

**FOURTH COUNTERCLAIM**

**(Infringement of U.S. Patent No. 6,044,073)**

46.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

47.     Agere has owned the '073 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '073 patent.  A copy of the '073 patent, entitled "Methods of and Devices for Enhancing Communications that Use Spread Spectrum Technology by Using Variable Power Techniques" is attached hereto as **Exhibit D**.

48.     Agere has provided notice of the '073 patent to Counterclaim Defendants through

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

49.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '073 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™. These devices embody and/or practice one or more claims of the '073 patent.

50.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '073 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™. These devices embody and/or practice one or more claims of the '073 patent.

51.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '073 patent.  On information and belief, the '073 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

52.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '073 patent.  On information and belief, the '073 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnesandnoble.com

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

DEFENDANTS LSI CORPORATION AND AGERE
SYSTEMS INC.'S ANSWER AND COUNTERCLAIMS          19
CASE NO.: 11-CV-02709 EMC

actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

53.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '073 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '073 patent, that are especially made or adapted for use in an infringement of the '073 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

54.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '073 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '073 patent, that are especially made or adapted for use in an infringement of the '073 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

55.     On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

56.     Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '073 patent and that their acts described above would directly and/or indirectly infringe the '073 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '073 patent.

57.     As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '073 patent, Agere has suffered and will continue to suffer

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## FIFTH COUNTERCLAIM
### (Infringement of U.S. Patent No. 6,707,867)

58.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

59.     Agere has owned the '867 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '867 patent.  A copy of the '867 patent, entitled "Wireless Local Area Network Apparatus" is attached hereto as **Exhibit E**.

60.     Agere has provided notice of the '867 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

61.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '867 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '867 patent.

62.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '867 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '867 patent.

63.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '867 patent.  On information and belief, the '867 patent has been, is currently, and will continue to be directly

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

infringed within the United States, including within this district, by Barnes & Noble's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

64.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '867 patent.  On information and belief, the '867 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

65.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '867 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '867 patent, that are especially made or adapted for use in an infringement of the '867 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

66.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '867 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '867 patent, that are especially made or adapted for use in an infringement of the '867 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

67.     On information and belief, Barnes & Noble exercises control and direction over

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

68.     Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '867 patent and that their acts described above would directly and/or indirectly infringe the '867 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '867 patent.

69.     As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '867 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## SIXTH COUNTERCLAIM
### (Infringement of U.S. Patent No. 5,862,182)

70.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

71.     Agere has owned the '182 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '182 patent.  A copy of the '182 patent, entitled "OFDM Digital Communications System Using Complementary Codes" is attached hereto as **Exhibit F**.

72.     Agere has provided notice of the '182 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

73.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '182 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '182 patent.

74.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '182 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '182 patent.

75.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '182 patent.  On information and belief, the '182 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

76.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '182 patent.  On information and belief, the '182 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

77.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '182 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

of the '182 patent, that are especially made or adapted for use in an infringement of the '182 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

78.      On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '182 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '182 patent, that are especially made or adapted for use in an infringement of the '182 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

79.      On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

80.      Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '182 patent and that their acts described above would directly infringe the '182 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '182 patent.

81.      As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '182 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## SEVENTH COUNTERCLAIM
### (Infringement of U.S. Patent No. 6,404,732)

82.      Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

Fenwick & West LLP
Attorneys at Law
Mountain View

83.     Agere has owned the '732 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '732 patent.  A copy of the '732 patent, entitled "Digital Modulation System Using Modified Orthogonal Codes to Reduce Autocorrelation" is attached hereto as **Exhibit G**.

84.     Agere has provided notice of the '732 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

85.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '732 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '732 patent.

86.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '732 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '732 patent.

87.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '732 patent.  On information and belief, the '732 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourage that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

88.     On information and belief, Barnesandnoble.com has been, is currently, and unless

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

enjoined, will continue to actively induce and encourage infringement of the '732 patent. On information and belief, the '732 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content. On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

89.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '732 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '732 patent, that are especially made or adapted for use in an infringement of the '732 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

90.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '732 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '732 patent, that are especially made or adapted for use in an infringement of the '732 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

91.     On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

92.     Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '732 patent and that their acts described above would directly and/or indirectly infringe the '732 patent, but acted despite an

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim

2  Defendants continue the infringing acts described above even after being informed in June 2010

3  of the existence and their infringement of the '732 patent.

4        93.    As a direct and proximate consequence of Counterclaim Defendants' infringement

5  and willful infringement of the '732 patent, Agere has suffered and will continue to suffer

6  irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to

7  relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive

8  relief against further infringement.

9                              **EIGHTH COUNTERCLAIM**

10                       **(Infringement of U.S. Patent No. 6,452,958)**

11        94.    Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully

12  set forth herein.

13        95.    Agere has owned the '958 patent throughout the period of Counterclaim

14  Defendants' infringing acts and currently owns the '958 patent.  A copy of the '958 patent,

15  entitled "Digital Modulation System Using Extended Code Set" is attached hereto as **Exhibit H**.

16        96.    Agere has provided notice of the '958 patent to Counterclaim Defendants through

17  at least the filing and service of the Pennsylvania Action and by virtue of correspondence between

18  the parties regarding the patents-in-suit between June 2010 and April 2011.

19        97.    On information and belief, Barnes & Noble has been, is currently, and unless

20  enjoined, will continue to directly infringe one or more claims of the '958 patent by making,

21  using, offering to sell, and selling within the United States and/or importing into the United States

22  devices that provide wireless connectivity capability in compliance with the Institute of Electrical

23  and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These

24  devices embody and/or practice one or more claims of the '958 patent.

25        98.    On information and belief, Barnesandnoble.com has been, is currently, and unless

26  enjoined, will continue to directly infringe one or more claims of the '958 patent by making,

27  using, offering to sell, and selling within the United States and/or importing into the United States

28  devices that provide wireless connectivity capability in compliance with the Institute of Electrical

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '958 patent.

99.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '958 patent.  On information and belief, the '958 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

100.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '958 patent.  On information and belief, the '958 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using the wireless connectivity capability of Nook eReader devices, or other devices with eReading functionality.  On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

101.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '958 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '958 patent, that are especially made or adapted for use in an infringement of the '958 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

102.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '958 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

or more components that constitute a material part of the invention recited in one or more claims of the '958 patent, that are especially made or adapted for use in an infringement of the '958 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

103.    On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

104.    Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '958 patent and that their acts described above would directly and/or indirectly infringe the '958 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '958 patent.

105.    As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '958 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## NINTH COUNTERCLAIM
### (Infringement of U.S. Patent No. 7,583,582)

106.    Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

107.    Agere has owned the '582 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '582 patent.  A copy of the '582 patent, entitled "M-ARY Orthogonal Keying System" is attached hereto as **Exhibit I**.

108.    Agere has provided notice of the '582 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

109.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '582 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '582 patent.

110.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '582 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '582 patent.

111.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '582 patent.  On information and belief, the '582 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

112.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '582 patent.  On information and belief, the '582 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

such infringement.

113.    On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '582 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '582 patent, that are especially made or adapted for use in an infringement of the '582 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

114.    On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '582 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '582 patent, that are especially made or adapted for use in an infringement of the '582 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

115.    On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

116.    Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '582 patent and that their acts described above would directly and/or indirectly infringe the '582 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '582 patent.

117.    As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '582 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

relief against further infringement.

## **TENTH COUNTERCLAIM**

### **(Infringement of U.S. Patent No. 7,477,633)**

118.     Agere incorporates by reference paragraphs 1 through 9 above as if fully set forth herein.

119.     Agere has owned the '633 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '633 patent.  A copy of the '633 patent, entitled "Method and Apparatus for Varying the Number of Pilot Tones in a Multiple Antenna Communication System" is attached hereto as **Exhibit J**.

120.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '633 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '633 patent.

121.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to directly infringe one or more claims of the '633 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '633 patent.

122.     On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '582 patent.  On information and belief, the '633 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

a minimum with deliberate indifference to the known risk of such infringement.

123.    On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '582 patent.  On information and belief, the '633 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using the wireless connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

124.    On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '633 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '633 patent, that are especially made or adapted for use in an infringement of the '633 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

125.    On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '633 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '633 patent, that are especially made or adapted for use in an infringement of the '633 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

126.    On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

127.    Counterclaim Defendants' direct and indirect infringement are willful because

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Counterclaim Defendants knew or should have known of the '633 patent and that their acts

2   described above would directly and/or indirectly infringe the '633 patent, but acted despite an

3   objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim

4   Defendants continue the infringing acts described above even after being informed no later than

5   July 2011, as of the filing of Counterclaimants' complaint in the Eastern District of Pennsylvania,

6   of the existence and their infringement of the '633 patent.

7       128.    As a direct and proximate consequence of Counterclaim Defendants' infringement

8   of the '633 patent, Agere has suffered and will continue to suffer irreparable injury and damages,

9   in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages as

10  well as preliminary and permanent injunctive relief against further infringement.

### ELEVENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,119,091)

13      129.    LSI incorporates by reference paragraphs 1 through 9 above as if fully set forth

14  herein.

15      130.    LSI has owned the '091 patent throughout the period of Counterclaim Defendants'

16  infringing acts and currently owns the '091 patent.  A copy of the '091 patent, entitled "DVD

17  Audio Decoder Having a Direct Access PCM FIFO" is attached hereto as **Exhibit K**.

18      131.    LSI has provided notice of the '091 patent to Counterclaim Defendants through at

19  least the filing and service of the Pennsylvania Action and by virtue of correspondence between

20  the parties regarding the patents-in-suit between March 2011 and April 2011.

21      132.    On information and belief, Barnes & Noble has been, is currently, and unless

22  enjoined, will continue to directly infringe one or more claims of the '091 patent by making,

23  using, offering to sell, and selling within the United States and/or importing into the United States

24  the NOOK™, or other devices with audio decoders capable of, for example, producing keyboard

25  sound effects, which embody and/or practice one or more claims of the '091 patent.  These

26  devices embody and/or practice one or more claims of the '091 patent.

27      133.    On information and belief, Barnesandnoble.com has been, is currently, and unless

28  enjoined, will continue to directly infringe one or more claims of the '091 patent by making,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

using, offering to sell, and selling within the United States and/or importing into the United States the NOOK™, or other devices with audio decoders capable of, for example, producing keyboard sound effects, which embody and/or practice one or more claims of the '091 patent.  These devices embody and/or practice one or more claims of the '091 patent.

134.    On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '091 patent.  On information and belief, the '091 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using the NOOK™ or other devices with audio decoders capable of, for example, producing keyboard sound effects.  On information and belief, Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

135.    On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '091 patent.  On information and belief, the '091 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using the NOOK™ or other devices with audio decoders capable of, for example, producing keyboard sound effects.  On information and belief, Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

136.    On information and belief, Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '091 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '091 patent, that are especially made or adapted for use in an infringement of the '091 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

137.    On information and belief, Barnesandnoble.com has been, is currently, and unless

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

enjoined, will continue to contribute to the infringement of the '091 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '091 patent, that are especially made or adapted for use in an infringement of the '091 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

138.   On information and belief, Barnes & Noble exercises control and direction over Barnesandnoble.com's infringing acts described above via a contractual and/or agency relationship, making Barnes & Noble therefore liable for such acts.

139.   Counterclaim Defendants' direct and indirect infringement are willful because Counterclaim Defendants knew or should have known of the '091 patent and that their acts described above would directly and/or indirectly infringe the '091 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed no later than March 2011 of the existence and their infringement of the '091 patent.

140.   As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '091 patent, LSI has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which LSI is entitled to relief.  LSI seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants Agere and LSI demand the following relief against Counterclaim Defendants Barnes & Noble and Barnesandnoble.com:

a) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '730 patent;

b) a preliminary and permanent injunction against the continuing infringement of the '730 patent;

c) entry of a judgment declaring that Counterclaim Defendants have infringed, directly

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

and indirectly, one or more claims of the '420 patent;

d) a preliminary and permanent injunction against the continuing infringement of the '420 patent;

e) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '552 patent;

f) a preliminary and permanent injunction against the continuing infringement of the '552 patent;

g) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '073 patent;

h) a preliminary and permanent injunction against the continuing infringement of the '073 patent;

i) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '867 patent;

j) a preliminary and permanent injunction against the continuing infringement of the '867 patent;

k) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '182 patent;

l) a preliminary and permanent injunction against the continuing infringement of the '182 patent;

m) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '732 patent;

n) a preliminary and permanent injunction against the continuing infringement of the '732 patent;

o) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '958 patent;

p) a preliminary and permanent injunction against the continuing infringement of the '958 patent;

q) entry of a judgment declaring that Counterclaim Defendants have infringed, directly

and indirectly, one or more claims of the '582 patent;

r)   a preliminary and permanent injunction against the continuing infringement of the '582 patent;

s)   entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '633 patent;

t)   a preliminary and permanent injunction against the continuing infringement of the '633 patent;

u)   entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '091 patent;

v)   a preliminary and permanent injunction against the continuing infringement of the '091 patent;

w)  damages to compensate Agere and LSI for Counterclaim Defendants' infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because of Counterclaim Defendants' willful infringement;

x)   an award of pre-judgment and post-judgment interest and costs to Agere;

y)   an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

z)   such other and further relief as the Court may deem just and fair.

## **DEMAND FOR JURY TRIAL**

Agere and LSI demand trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

Dated:   November 1, 2011          FENWICK & WEST LLP


By: /s/ *Ryan Tyz*
     Ryan Tyz
Attorneys for Defendants
LSI CORPORATION and
AGERE SYSTEMS INC.