UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BARNES AND NOBLE, INC., et al., | No. C 11-02709 EMC (LB) |
| Plaintiffs, | **ORDER REGARDING THE PARTIES' JOINT DISCOVERY LETTER DATED MARCH 28, 2012** |
| v. | |
| LSI CORPORATION, et al., | [Re: ECF No. 94] |
| Defendants. | |

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively, "B&N") filed the instant action seeking a declaratory judgment of non-infringement and patent invalidity against defendants LSI Corporation and Agere Systems, Inc. (collectively, "Defendants"). Original Complaint, ECF No. 1.[1] Defendants answered B&N's First Amended Complaint and brought counterclaims against B&N for patent infringement. Answer and Counterclaims, ECF No. 62.

On March 28, 2012, the parties filed a joint letter describing a discovery dispute. 3/28/2012 Joint Letter, ECF No. 94. The current dispute involves B&N's responses to four of Defendants' "contention interrogatories" (the "Interrogatories"). *See* 03/28/2012 Joint Letter, ECF No. 94.[2] The

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] *See In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 332 (N.D. Cal. 1985) (As Magistrate Judge Brazil explained: "[T]he phrase 'contention interrogatory' is used imprecisely to refer to many different kinds of questions. Some people would classify as a

Interrogatories at issue are:

> <u>Interrogatory No. 9</u>: Describe the full factual and legal basis for your contention that you do not infringe, contribute to the infringement or induce the infringement of the Asserted Patents, and have not infringed, contributed to the infringement or induced the infringement of the Asserted Patents.
>
> <u>Interrogatory No. 13</u>: State the full factual and legal basis for your contention that LSI and Agere are estopped from construing the claims in the Asserted Patents in such a way as to cover BN's activities and/or products, including but not limited to identifying the alleged "prior statements, "prior conduct," or "admissions or other statements made to the United States Patent and Trademark Office" to which you refer in ¶ 94 of your Affirmative Defenses in your Answer and Affirmative Defenses to Counterclaims [Dkt. No. 66].
>
> <u>Interrogatory No. 15</u>: State the full factual and legal basis for your contention that the Asserted Patents are not essential to the practice of Wi-Fi, 3G, or MP3 Standards, and identify all evidence that supports your contention.
>
> <u>Interrogatory No. 16</u>: State the full factual and legal basis for your contention that your implementation of Wi-Fi, 3G, or MP3 Standards in the Accused Devices does not infringe any of the Asserted Patents, and identify all evidence that supports your contention.

*Id*. at 1. In its original responses, B&N declined to substantively respond to these Interrogatories in part because it believed they were "premature in light of the timetable for discovery provided by the Patent Local Rules." *Id*., Exhs. 1, 2. After a series of discussions, B&N told Defendants that it would serve supplemental responses to the Interrogatories by September 24, 2012, which is roughly two months after Defendants' infringement contentions are due and the same day that B&N's invalidity contentions are due. *Id*., Exh. 7; 3/26/2012 Scheduling Order, ECF No. 92 at 3.

In the 3/28/2012 Joint Letter, Defendants do not suggest that B&N's proposal to serve supplemental responses to the Interrogatories by September 24, 2012 is unreasonable, inappropriate,

---

contention interrogatory any question that asks another party to indicate what it contends. Some people would define contention interrogatories as embracing only questions that ask another party whether it makes some specified contention. Interrogatories of this kind typically would begin with the phrase 'Do you contend that . . . .' Another kind of question that some people put in the category 'contention interrogatory' asks an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention.").

or prejudicial in any way. *See id.* at 1-3.[3] What, then, is the problem? Simply put, based upon their previous discovery negotiations in this case, Defendants' counsel does not take B&N's counsel at their word that B&N actually will serve supplemental responses by that date. *See id.* Defendants sought a stipulation setting forth the September 24, 2012 deadline, but B&N refused to sign it. *See id.*, Exh. 7. Thus, Defendants seek a court order setting forth the parties' agreed-upon deadline. *Id.* at 2.

The court declines to provide one in this context. While the parties' agreed-upon September 24, 2012 deadline for B&N to serve supplemental responses to Defendants' Interrogatories strikes the court as reasonable and appropriate, the court will not enforce the parties' discovery-related agreements that have only been made through counsels' emails and have not been submitted as finalized stipulations. *See Parrish v. Nat'l Football Players Ass'n*, No. C 07-00943 WHA, 2008 WL 3287030, at *6 (N.D. Cal. Aug. 6, 2008). And as B&N points out, Defendants may raise issues regarding the timing or content of B&N's substantive responsive in September 2012, when B&N has agreed to serve them.[4]

Accordingly, Defendants' request for a court order requiring B&N to provide supplemental responses to Defendants' Interrogatories by September 24, 2012 is DENIED WITHOUT PREJUDICE.[5]

---

[3] Rule 33 governs the use of contention interrogatories to discover the factual basis for allegations in a complaint. "Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken." *In re eBay Seller Antitrust Litigation*, No. C07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (citing *Tennison v. City & County of San Francisco*, 226 F.R.D. 615, 618 (N.D. Cal. 2005)). "In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." *Id.* (citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 332-38 (N.D. Cal. 1985)).

[4] For instance, parties may file a joint discovery dispute letter if B&N fails to serve its Interrogatory responses by the reasonable and appropriate deadline of its own choosing (September 24, 2012).

[5] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument.

C 11-02709 EMC (LB)
ORDER RE: 3/28/2012 JOINT LETTER

3

1 **IT IS SO ORDERED.**

2 Dated: April 30, 2012

3 _____
LAUREL BEELER
United States Magistrate Judge

C 11-02709 EMC (LB)
ORDER RE: 3/28/2012 JOINT LETTER

4