UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| BARNES AND NOBLE, INC., et al., | No. C 11-02709 EMC (LB) |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR ISSUANCE OF LETTERS ROGATORY** |
| v. | |
| LSI CORPORATION, et al., | [Re: ECF No. 99] |
| Defendants. | |

# I. INTRODUCTION

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively, "B&N") filed the instant action seeking a declaratory judgment of non-infringement and patent invalidity against defendants LSI Corporation and Agere Systems, Inc. (collectively, "Defendants"). Original Complaint, ECF No. 1.[1] Defendants answered B&N's First Amended Complaint and brought counterclaims against B&N for patent infringement. Answer and Counterclaims, ECF No. 62.

On April 10, 2012, Defendants filed a Motion for Issuance of Letters Rogatory. Motion, ECF No. 99. No opposition to it has been filed. *See* N.D. Cal. Civ. L.R. 7-3(a) (providing that an opposition must be served and filed not more than 14 days after a motion is served and filed). Upon consideration of the motion, the letters rogatory submitted with it, and the relevant authority, the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-02709 EMC (LB)
ORDER GRANTING MOTION FOR LETTERS ROGATORY

court GRANTS Defendants' motion.[2]

## II. BACKGROUND

B&N seeks a declaratory judgment that their NOOK™ line of eBook readers (the "Accused Products") does not infringe eleven of Defendants' patents relating to Wi-Fi, 3G, and audio technology. B&N has represented in its briefing in this case that "[i]n large part, the NOOK™ functionality that is the subject of this case – functionality related to Wi-Fi, 3G, and audio – is implemented by components called 'chips' that are supplied to [Plaintiffs] by third parties." B&N's Opposition to Motion to Dismiss, ECF No. No. 27, at 14. B&N has stated that these third party manufacturers include Inventec Corporation ("Inventec"). *Id*. In addition, through a physical investigation of the infringing products, Defendants have discovered that one or more of the components relevant to Defendants' infringement claims are made by Jorjin Technologies, Inc. ("Jorjin"). Ranganath Decl., ECF No. 100 at 2, ¶ 2.

Defendants believe that to complete their infringement contentions, they need not only the technical documentation about these products and components that is publicly available, but also additional design information that is not publicly available. *Id*., ¶ 4. Defendants have served discovery on B&N to obtain technical information about the Accused Products, but Defendants represent that B&N has taken the position that it does not have all of the relevant documentation. *Id*. at 2, ¶ 2. Defendants attempted to serve a third party subpoena for documents on Inventec's U.S. affiliate, but that affiliate subsequently certified that it does not have responsive documents within its possession, custody or control, and cannot obtain such documents from its corporate parent. *Id*. ¶ 5, Ex. B. Defendants further represent that B&N has indicated that Inventec is headquartered in Asia, and corporate records searches carried out by Defendants indicate that Inventec has offices in Taipei, Taiwan. Gilbert Decl., ECF No. 28 at 2-3, ¶ 6; Ranganath Decl., ECF No. 100 at 3, ¶ 8, Ex. D. In addition, Defendants are unable to serve a subpoena on Jorjin because it has no U.S. offices or subsidiaries. Ranganath Decl., ECF No. 100 at 3, ¶ 7, Ex. C. Therefore, Defendants believe that

---

[2] Pursuant to this District's Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the May 17, 2012 hearing.

1  they are unable to secure the information it requires from these parties through traditional discovery
2  means. Motion, ECF No. 99 at 3.

### III. LEGAL STANDARD

A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3rd Cir. 1983); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2083 (3d ed. 2010). A letter rogatory can also include requests for the production of documents. *See United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971) (affirming district court's issuance of letters rogatory seeking documents from investigation conducted by German authorities). Federal Rule of Civil Procedure 28(b)(2) provides that a deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'"

A court has inherent authority to issue letters rogatory. *See Reagan*, 453 F.2d at 172; *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). 28 U.S.C. § 1781 also implicitly provides federal courts with authority to issue letters rogatory. 28 U.S.C. § 1781(a)(2).[3] Whether to issue such a letter is a matter of discretion for the court. *See United States v. Mason*, 919 F.2d 139, 1990 WL 185894, 3 (4th Cir. 1990) (unpublished per curiam decision). When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. *Asis Internet Services v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. Jun 29, 2007) (citing *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 27 (D. Conn. 2003); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978)). A court's decision whether to

---

[3] 28 U.S.C. § 1781 provides the State Department with the power "to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a)(2).

1  issue a letter rogatory, though, does require an application of Rule 28(b) in light of the scope of
2  discovery provided for by the Federal Rules of Civil Procedure. *See Evanston Ins. Co. v. OEA, Inc.*,
3  No. CIV S-02-1505 DFL PAN, 2006 WL 1652315, at* 2 (stating that Rule 28(b) "must be read
4  together" with Rule 26(c) in determining whether to issue letter rogatory); *see also DBMS*
5  *Consultants Ltd.*, 131 F.R.D. at 369-70; *B & L Drilling Elecs.*, 87 F.R.D. at 545.

## IV. DISCUSSION

The discovery Defendants' request from Inventec and Jorjin is relevant and discoverable under the standard set forth in Rule 26 because, as described above, it may provide information about the design, operation and manufacture relating to the material functionalities of the Accused Products that is neither publicly available nor available via party discovery. *See* Fed. R. Civ. P. 26(b).[4] Because Inventec and Jorjin are business entities incorporated, headquartered and doing business in Taiwan, *see* Ranganath Decl., ECF No. 100, Exs. C, D, and all other efforts to obtain the discovery have failed, *see id*. at 2-3, ¶¶ 5, 7, the court finds that letters rogatory are necessary and appropriate mechanisms to request the desired discovery.

## V. CONCLUSION

Defendants Motion for Issuance of Letters Rogatory is GRANTED. The court will sign and affix its seal to each of the letters rogatory submitted and return the letters with original signatures and seals to Defendants' counsel for forwarding to the United States Department of State.

///

---

[4] Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

1 **IT IS SO ORDERED.**

2 Dated: April 27, 2012



3 ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ LAUREL BEELER
United States Magistrate Judge

C 11-02709 EMC (LB)
ORDER GRANTING MOTION FOR LETTERS ROGATORY

5