UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BARNES AND NOBLE, INC., et al., | No. C 11-02709 EMC (LB) |
| Plaintiffs, | **ORDER REGARDING THE PARTIES' JOINT DISCOVERY LETTER DATED DECEMBER 14, 2012** |
| v. | |
| LSI CORPORATION, et al., | [Re: ECF No. 145] |
| Defendants. | |

# INTRODUCTION

On December 14, 2012, the parties filed a tenth joint discovery dispute letter. *See* Joint Letter, ECF No. 145.[1] The court held a hearing on January 9, 2013 and rules as follows.

# STATEMENT

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively, "B&N") filed this lawsuit seeking a declaratory judgment of non-infringement and patent invalidity against defendants LSI Corporation and Agere Systems, Inc. (collectively, "Defendants"). Original Complaint, ECF No. 1. LSI brought counterclaims against B&N for patent infringement. Answer and Counterclaims, ECF No. 62. The lawsuit involves whether the Nook's 3G, WiFi, and audio technology infringes on LSI's patents.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

The current discovery dispute is because LSI wants information about downloads of digital content to devices other than the Nook, and it wants information about B&N's partnership with Microsoft called Nook Media LLC. Joint Letter, ECF No. 145 at 1-2.

## ANALYSIS

### I. DOWNLOADS TO DEVICES OTHER THAN THE NOOK

LSI seeks discovery of B&N's sales of digital content to third-party eReader devices, saying that it is relevant to *Georgia-Pacific* factors 6 (effect of selling the patented speciality on promoting sales of non-accused devices) and 13 (the portion of profit that should be credited to the patented elements as opposed to the non-patented elements). B&N argues that discovery ought to be limited to the accused devices and that sales to non-accused devices are not relevant. *Id.* at 4.

The main case that the parties cite is *Elan Microelectronics v. Apple*, No. C 09-01531 RS (PSG), ECF No. 423 (N.D. Cal. Sept. 09, 2011). There, the court ordered Apple to produce information about its smartphone apps that did not use the accused "multi-touch" functionality because that information would illuminate what effect the multi-touch functionality had on sales. *Id.* at 3. B&N's argument is that this case is different than *Elan* because the third-party devices have the same Wi-Fi and/or 3G functionality as the accused Nook devices. Joint Letter, ECF No. 145 at 4. Thus, the argument is that discovery here does not provide the same illumination into damages.

All devices (accused and non-accused) rely on WiFi, 3G, or USB connectivity for downloads. LSI says that the mix of digital content sales for use on accused and non-accused devices will help illuminate what particular combination of features in the devices drives sales. *Id.* at 2. For example, maybe devices with WiFi drive more sales of digital content than those with 3G connectivity. *Id.*

In the end, the court cannot say on this record that the information is not relevant. While the non-accused apps in *Elan* did not incorporate the multi-touch function and thus provided different insight into the effect that the multi-touch function had on sales, LSI still has articulated a theory of relevance as to damages. As Judge Grewal said in *Elan*, in the end, the damages theory may be unsound (or it may not), but the appropriate vehicle to challenge that is a *Daubert* challenge. *Elan*, ECF No. 423 at 3. Also, B&N did not articulate any burden, and the court presumes that the sales data is fairly readily producible.

C 11-02709 EMC (LB)
ORDER RE: 12/14/2012 JOINT LETTER

2

The other cases that B&N cites do not change this outcome. B&N cites *Samsung SDI Co. Ltd. v. Matsushita Elec. Indus. Co. Ltd.*, 2007 WL 4328482, at *1 (C.D. Cal. 2007), for the proposition that discovery should be limited to the accused devices, but that case involved the parties' prior understanding that they would limit discovery to the accused products only. And here, in allowing discovery previously regarding draft licenses, the court articulated an approach to discovery related to reasonable royalties and damages calculations that favored disclosure absent burden or interests that could not be protected adequately by a protective order. *See* 12/23/12 Order, ECF No. 153. On the record provided by the parties in their joint letter brief, the court sees no reason here to deviate from that practice.

## II. NOOK MEDIA LLC

As to LSI's argument that it wants information about Nook Media LLC, B&N resists disclosure of post-suit valuations of its e-Book business (which is what it says LSI is looking for). Joint Letter Brief at 5. Also, Microsoft had alleged infringement relating to the Nook browser, user interface, and reader software (not the 3G, WiFi, and audio technologies at issue here). *Id.* B&N says that those disputes, the eventual settlement, and the Nook Media partnership have nothing to do with LSI's damages position here. *Id.*

The 2012 Microsoft-B&N transactions occurred three years after the hypothetical negotiations would have taken place in this case and after the lawsuit was filed. The court cannot see how they are relevant to a reasonable royalty. *Cf. Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1384 (Fed. Cir. 2001) (the business plans at issue were from around the time the infringement began, not years later).

LSI cites cases that do not change this outcome. In *Lantiq Deutschland GMBH v. Ralink Tech. Corp.*, 2012 WL 1439087, *1-*2 (N.D. Cal. April 25, 2012), Judge Grewal and Lantiq were concerned about Ralink's merger with another company and becoming a shell without any assets. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009), authorized discovery after the date of the hypothetical negotiations, but that was discovery about the usage of the accused products (information that B&N has disclosed already). In *3Com v. D-Link Sys., Inc.*, 2007 WL 94596, *4 (N.D. Cal. Mar. 7, 2007), the court ordered production of sales and profit information for

all versions of the accused products, which again is information that B&N disclosed already.

## III. BURDEN ISSUES

The court previously ordered discovery of draft licenses. *See, e.g.*, 12/23/12 Order, ECF No. 153. The court ordered the parties to talk about burden and said they ought to be able to work it out. *Id.* at 6. LSI submitted a separate letter discussing burden, and the parties discussed solutions at the hearing. The court now orders that LSI need only review documents in the possession of LSI attorneys involved in negotiating potentially relevant licenses. For the reasons stated on the record, LSI need not create a privilege log now, except for the one licensing package as discussed.

## CONCLUSION

The court grants LSI's motion for discovery about B&N's sales of digital content to third-party eReader devices and denies it for discovery about Nook Media.

This disposes of ECF No. 145.

**IT IS SO ORDERED.**

Dated: January 9, 2013

_____
LAUREL BEELER
United States Magistrate Judge