UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BARNES AND NOBLE, INC., et al., | No. C 11-02709 EMC (LB) |
| Plaintiffs, | **ORDER REGARDING THE PARTIES' JOINT DISCOVERY LETTER DATED JANUARY 25, 2013** |
| v. | |
| LSI CORPORATION, et al., | [Re: ECF No. 168] |
| Defendants. | |

## INTRODUCTION

On January 25, 2013, the parties filed a tenth joint discovery dispute letter. *See* Joint Letter, ECF No. 168.[1] The court held a hearing on February 21, 2013 and rules as follows.

## STATEMENT

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively, "B&N") filed this lawsuit seeking a declaratory judgment of non-infringement and patent invalidity against defendants LSI Corporation and Agere Systems, Inc. (collectively, "LSI"). Original Complaint, ECF No. 1. LSI brought counterclaims against B&N for patent infringement. Answer and Counterclaims, ECF No. 62. The lawsuit involves whether the Nook's 3G, WiFi, and audio technology infringes on LSI's patents.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 11-02709 EMC (LB)
ORDER RE: 1/25/2013 JOINT LETTER

1 The current discovery dispute is because LSI wants B&N to respond more fully to its contention
2 interrogatories now, relatively early in the case and while discovery is ongoing. Joint Letter, ECF
3 No. 168 at 1-3. The contention interrogatories seek "the full factual and legal basis" for B&N's
4 defense that LSI's patents are unenforceable. *Id.* at 1-2; *see* Order Granting in Part and Denying in
5 Part Defendants' Motion to Strike, ECF No. 86 (summarizing B&N's unenforceability defense).
6 B&N responded in over 55 pages and says that if appropriate, it will supplement its responses after
7 more discovery is done. *See* Joint Letter, ECF No. 168, at 4-5 & Exs. 1 & 2. LSI says that the
8 response is insufficient.

9 B&N's unenforceability defense turns on what LSI's predecessor did or did not disclose to
10 standard setting organizations ("SSOs") about its existing patents. *See id.*, Exs. 1 & 2. LSI argues
11 that B&N ought to identify the patent claims pending at the time of the alleged non-disclosure that it
12 contends were essential to the practice of the standard under discussion before the SSOs. *Id.* at 1. It
13 says that B&N can do this because it has the patent histories for the patents at issue and the relevant
14 standards submissions. *Id.* It also says that B&N has to prove elements of its defenses (e.g., for
15 fraud, it needs to prove misrepresentation, scienter, intent to defraud, justifiable reliance and
16 damages), and B&N's responses do not disclose any facts about some elements. *Id.* at 3. B&N
17 responds that its responses are more than adequate now (pointing to Judge Chen's order on the
18 motion to strike upholding the pleadings as sufficient), and it should not have to supplement its
19 responses until after more discovery. *Id.* at 4-5.

## ANALYSIS

21 A party moving to compel responses to contention interrogatories at an early stage in litigation
22 must show that the responses would "contribute meaningfully" to one of the following: (1) clarifying
23 the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement
24 discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56. *See In Re*
25 *Convergent Techns. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985).

26 As to LSI's argument that B&N could provide more information now about the patent claims at
27 issue, in the end, LSI did not explain why disclosure now would contribute meaningfully to any of
28 the issues identified in *In Re Convergent Technologies* (other than to make discovery easier now).

Discovery is ongoing, and given courts' reluctance to compel early responses to contention interrogatories, the court does not see grounds for doing it now (as opposed to later). B&N also agreed on the record to update its responses along the way (including after the foreign depositions). As to the sufficiency of B&N's responses about the elements of all of its defenses, that also seems a discovery issue that ultimately may go to the weaknesses of B&N's defenses, but compelling more robust contention interrogatories seems premature. B&N's responses are sufficient at this stage of the proceeding when discovery is ongoing.

## CONCLUSION

The court denies LSI's motion to compel B&N to provide a more complete response to its contention interrogatories at this stage of the litigation. The order is without prejudice to LSI's raising the issue later.

This disposes of ECF No. 168.

**IT IS SO ORDERED.**

Dated: February 21, 2013

_____
LAUREL BEELER
United States Magistrate Judge