UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BARNES AND NOBLE, INC., et al., | No. C 11-02709 EMC (LB) |
| Plaintiffs, | **ORDER DIRECTING B&N TO SUBMIT REVISED PROPOSED LETTERS OF REQUEST** |
| v. | |
| LSI CORPORATION, et al., | [Re: ECF Nos. 164, 165] |
| Defendants. | |

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively, "B&N") filed the instant action seeking a declaratory judgment of non-infringement and patent invalidity against defendants LSI Corporation and Agere Systems, Inc. (collectively, "LSI"). Original Complaint, ECF No. 1.[1] LSI answered B&N's First Amended Complaint and brought counterclaims against B&N for patent infringement. Answer and Counterclaims, ECF No. 62.

On January 18, 2013, B&N filed two motions that ask the court to issue Letters of Request for assistance of the central judicial authority of the Netherlands to obtain deposition testimony and certain documents from two non-party individuals who reside in the Netherlands. Motion (Diepstraten), ECF No. 164; Motion (Van Nee), ECF No. 165. The first individual, Wilhelmus J.M. Diepstraton, is a named inventor of the '867 patent, and the second individual, Richard D.M. van

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-02709 EMC (LB)
ORDER

Nee, is a named inventor of the '958 patent. Both patents are at issue in this litigation. Mr. Diepstraten and Mr. van Nee appeared before the Institute of Electrical and Electronic Engineers' ("IEEE") subgroup for the 802.11 wi-fi standard and made certain representations about these patents.

LSI opposes the motions for four reasons. It argues that: (1) that the Letters of Request unnecessarily ask the court "to adopt certain factual and legal findings concerning disputed issues" that are irrelevant to the purposes of the Letters of Request; (2) that some of the discovery sought is overbroad; (3) that the Letters of Request improperly ask that the depositions be recorded by a stenographer, in violation of Dutch law; and (4) that Dutch courts typically do not allow parties or party representatives to conduct oral examinations. Opposition, ECF No. 171.

The court heard oral argument from the parties on these motions on February 21, 2013. The court explained that it is sympathetic to LSI's concerns regarding some of the wording in the proposed Letters of Request (e.g., that Mr. Diepstraten's and Mr. van Nee's testimony "will be highly relevant" to this action). The court also explained that, while LSI's argument about the breadth of some of the discovery B&N seeks is well-taken, it does not believe that the document requests and depositions topics are overbroad, especially in light of the practical implications that limiting them might have on the taking of Mr. Diepstaten's and Mr. van Nee's depositions. In addition, the court noted that Mr. Diepstaten and Mr. van Nee were recently deposed in the Netherlands by attorneys in a different action and that their depositions were recorded by a stenographer, so it does not appear that Dutch law categorically bans these procedures, as LSI suggests. Finally, the court noted that, if the depositions do occur, LSI requested that its representatives be allowed to participate in the depositions and that B&N did not oppose such participation.

The court thus directs the parties, within 7 days from the date of this order, to meet and confer with the court's opinions in mind and directs B&N thereafter to submit revised proposed Letters of Request that take these opinions into account. Once these revised proposed Letters of Request are submitted, the court will formally rule on B&N's motions.

///

**IT IS SO ORDERED.**

Dated: February 21, 2013

_____
LAUREL BEELER
United States Magistrate Judge