UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BARNES AND NOBLE, INC., et al., | No. C 11-02709 EMC (LB) |
| Plaintiffs, | **ORDER GRANTING B&N'S MOTIONS FOR ISSUANCE OF LETTERS ROGATORY** |
| v. | |
| LSI CORPORATION, et al., | [Re: ECF Nos. 164, 165, 186] |
| Defendants. | |

## INTRODUCTION

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively, "B&N") filed two motions that ask the court to issue letters rogatory for assistance of the central judicial authority of the Netherlands. Defendants LSI Corporation and Agere Systems, Inc. (collectively, "LSI") opposed B&N's proposed letters. After a discussion with the court and meeting and conferring about the letters once more, the parties now have jointly submitted revised proposed letters for the court to issue. Upon consideration of the motion, the revised proposed letters rogatory submitted with it, and the relevant authority, the court **GRANTS** B&N's motions.

## STATEMENT

B&N filed the instant action seeking a declaratory judgment of non-infringement and patent

1  invalidity against LSI.  Original Complaint, ECF No. 1.[1]  LSI answered B&N's First Amended
2  Complaint and brought counterclaims against B&N for patent infringement.  Answer and
3  Counterclaims, ECF No. 62.

4  On January 18, 2013, B&N filed two motions that ask the court to issue letters rogatory for
5  assistance of the central judicial authority of the Netherlands to obtain deposition testimony and
6  certain documents from two non-party individuals who reside in the Netherlands.  Motion
7  (Diepstraten), ECF No. 164; Motion (Van Nee), ECF No. 165.  The first individual, Wilhelmus J.M.
8  Diepstraton, is a named inventor of the '867 patent, and the second individual, Richard D.M. van
9  Nee, is a named inventor of the '958 patent.  Both patents are at issue in this litigation.  Mr.
10 Diepstraten and Mr. Van Nee appeared before the Institute of Electrical and Electronic Engineers'
11 ("IEEE") subgroup for the 802.11 wi-fi standard and made certain representations about these
12 patents.  LSI opposed the motions.  Opposition, ECF No. 171.  The court held a hearing on the
13 motions on February 21, 2013, during which the court provided its opinions about LSI's grounds for
14 opposition.  2/21/2013 Minute Order, ECF No. 181.  The court ordered the parties to meet and
15 confer with the court's opinions in mind and directed B&N thereafter to submit revised proposed
16 letters rogatory that take these opinions into account.  2/21/2013 Order, ECF No. 183 at 2.  The
17 court stated that once these revised proposed letters are submitted, the court would formally rule on
18 B&N's motions.  *Id*.

19 On February 28, 2013, the parties jointly submitted revised proposed letters rogatory.  Revised
20 Letters, ECF No. 186.

21 **ANALYSIS**

22 **I.  LEGAL STANDARD**

23 A letter rogatory is a formal written request sent by a court to a foreign court asking that the
24 testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the
25 direction of that foreign court and transmitted to the requesting court for use in a pending action.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

*Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3rd Cir. 1983); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2083 (3d ed. 2010). A letter rogatory can also include requests for the production of documents. *See United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971) (affirming district court's issuance of letters rogatory seeking documents from investigation conducted by German authorities). Federal Rule of Civil Procedure 28(b)(2) provides that a deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'"

A court has inherent authority to issue letters rogatory. *See Reagan*, 453 F.2d at 172; *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). 28 U.S.C. § 1781 also implicitly provides federal courts with authority to issue letters rogatory. 28 U.S.C. § 1781(a)(2).[2] Whether to issue such a letter is a matter of discretion for the court. *See United States v. Mason*, 919 F.2d 139, 1990 WL 185894, 3 (4th Cir. 1990) (unpublished per curiam decision). When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. *Asis Internet Services v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. Jun 29, 2007) (citing *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 27 (D. Conn. 2003); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978)). A court's decision whether to issue a letter rogatory, though, does require an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure. *See Evanston Ins. Co. v. OEA, Inc.*, No. CIV S-02-1505 DFL PAN, 2006 WL 1652315, at* 2 (stating that Rule 28(b) "must be read together" with Rule 26(c) in determining whether to issue letter rogatory); *see also DBMS Consultants Ltd.*, 131 F.R.D. at 369-70; *B & L Drilling Elecs.*, 87 F.R.D. at 545.

///

---

[2] 28 U.S.C. § 1781 provides the State Department with the power "to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a)(2).

## II. DISCUSSION

The discovery B&N requests is relevant and discoverable under the standard set forth in Rule 26 because, as described above, it may provide information about what Mr. Diepstraten and Mr. Van Nee told the IEEE subgroup for the 802.11 wi-fi standard about the '867 patent and the '958 patent. *See* Fed. R. Civ. P. 26(b).[3] Because Mr. Diepstaten and Mr. Van Nee are non-parties who reside in the Netherlands, the court finds that letters rogatory are necessary and appropriate mechanisms to request the desired discovery.

## CONCLUSION

B&N's motions are **GRANTED**.  The court will sign and affix its seal to each of the revised proposed letters rogatory submitted (ECF No. 186) and return the letters with original signatures and seals to B&N's counsel for forwarding to the United States Department of State.

**IT IS SO ORDERED.**

Dated: March 5, 2013

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).