UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARNES & NOBLE, INC., *et al.*, | No. C-11-2709 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| LSI CORPORATION, *et al.*, | |
| Defendants. | **(Docket No. 159)** |

## I. INTRODUCTION

Defendants have filed a motion for relief from a nondispositive order issued by Magistrate Judge Beeler on December 23, 2012. Docket No. 159 (requesting relief from order at Docket No. 153). Defendants argue that Judge Beeler misinterpreted relevant federal circuit law in *In re MSTG, Inc.*, 675 F.3d 1337 *reh'g denied*, 468 F. App'x 994 (Fed. Cir. 2012) and a subsequent decision by another Judge in this District, *Implicit Networks, Inc. v. Juniper Networks, Inc.*, 3:10-CV-04234-SI (N.D. Cal. June 5, 2012). Defendants argue that under these cases, they are entitled to a protective order barring discovery of draft licensing agreements and related communications unless Plaintiffs can make a heightened showing that such documents are relevant.

Having considered the submissions of the parties, this Court **DENIES** Defendants' motion for the following reasons.

///

///

///

## II. DISCUSSION

Motions for relief from a nondispositive orders of a magistrate judge will be granted only where the moving party demonstrates that the magistrate judge's ruling is clearly erroneous or contrary to law. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); Fed. R. Civ. P. 72 ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Wi-Lan, Inc. v. LG Electronics, Inc.*, C 10-80254-JF PSG, 2011 WL 841271 (N.D. Cal. Mar. 8, 2011) (internal citation omitted). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Id.*

In this case, Defendant has failed to demonstrate that Judge Beeler's ruling is clearly erroneous or contrary to law. In previous orders concerning the scope of a protective order, Judge Beeler had previously ruled that draft licenses regarding the patents-in-suit and related technology were discoverable. *See* Docket No. 153 at 2 (summarizing history of dispute over scope of protective order and discoverable materials). In a joint discovery letter on November 19, 2012, however, Defendants took the position that intervening caselaw indicated that drafts of licensing agreements, some of which had been prepared in the context of settlement negotiations, were not discoverable. Defendant cited *In re MSTG, Inc.*, 675 F.3d 1337 *reh'g denied*, 468 F. App'x 994 (Fed. Cir. 2012) and *Implicit Networks, Inc. v. Juniper Networks, Inc.*, 3:10-CV-04234-SI (N.D. Cal. June 5, 2012), arguing that *MSTG* recognized a heightened standard for discovery of draft licensing agreements produced in the context of settlement negotiations.

*MSTG* addressed and rejected the assertion of a settlement negotiation privilege. In addressing discoverability of settlement negotiations, Judge Beeler correctly observed in her order that the court in *MSTG* merely noted that some "courts have imposed heightened standards for discovery in order to protect confidential settlement discussions," but explicitly "reserve[d] for another day the issue of what limits can appropriately be placed on discovery of settlement

negotiations." *In re MSTG, Inc.*, 675 F.3d at 1347. While reserving judgment on the Second Circuit's imposition of a heightened standard for obtaining discovery info confidential settlement discussions (*see In re Teligent, Inc.*, 640 F.3d 53, 57-58 (2nd Cir. 2011)), the court noted, "[o]ur cases appropriately recognize that settlement agreements can be pertinent to the issue of reasonable royalty." 675 F.3d at 1348. The court held documents relating to settlement negotiations (not just executed agreements) were admissible under the particular circumstances of that case, but did not establish any particular standard for discoverability.

*Implicit Networks* and at least one other case Defendants cite have noted *MSTG's* statement that courts have required a particularized showing of relevance before allowing discovery of materials produced in the course of settlement negotiations, and then denied discovery of such materials where there was no such showing. *See Implicit Networks*, 3:10-CV-04234-SI at 2-3; *ABT Sys., LLC v. Emerson Elec. Co.*, 4:11CV00374 AGF, 2012 WL 6594996 (E.D. Mo. Dec. 18, 2012). These cases do not, however hold that *MSTG requires* such a showing, and some cases explicitly note the discretionary nature of their rulings. *See ABT Sys.*, 4:11CV00374 AGF, 2012 WL 6594996 at *3 ("In sum, this court 'has discretion to limit discovery of material that is not itself admissible and that was not utilized by the opposing party" in order to protect settlement confidentiality.'") (quoting *MSTG*); *Avocent Redmond Corp. v. Rose Electronics*, C06-1711RSL, 2012 WL 4903272 at *2 (W.D. Wash. May 29, 2012) (denying discovery of settlement discussions and noting that "[i]n the absence of a showing that statements made in the settlement discussions would be admissible, 'the district court has discretion to limit discovery of material that is not itself admissible and that was not utilized by the opposing party' in order to protect settlement confidentiality.").

In contrast, other courts following *MSTG* have made no mention of a heightened showing requirement. *See Wu v. Pearson Educ. Inc.*, 09 CIV. 6557 KBF JCF, 2012 WL 1232958 (S.D.N.Y. Apr. 12, 2012) (denying discovery of some documents concerning settlement negotiations where the request was vague, overbroad, and the evidence was not likely to lead to admissible evidence, but holding that "to the extent that the plaintiff has otherwise identified specific categories of discoverable documents, those documents shall be produced even if they were created in the context of settlement negotiations"); *United Pet Group, Inc. v. MiracleCorp Products*, 4:12CV00440 AGF,

2012 WL 5392551 (E.D. Mo. Nov. 5, 2012) (ordering production of "documents related to license and settlement agreements" without mentioning heightened standard).

Furthermore, Judge Beeler made a factual determination that the documents and communications at issue here are relevant to damages and that Barnes & Noble cannot gain access to these documents and communications in any other less burdensome way. These findings are not clearly erroneous.

Judge Beeler also indicated she will supervise the discovery request to safeguard against excessive burden in production. Furthermore, the production should be subject to a strict protective order; if Judge Beeler deems necessary, the production may be for attorneys' eyes only.

Given Judge Beeler's findings and the supervisory tools available to her to limit the burden of production and safeguard the sensitive nature of the information, the Court finds Judge Beeler was well within her authority to compel production.

Accordingly, Judge Beeler's order in this case was neither clearly erroneous or contrary to law.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion for relief from a nondispositive order of Magistrate Judge Beeler is **DENIED.**

This order disposes of Docket No. 159.

IT IS SO ORDERED.

Dated: March 6, 2013

_____
EDWARD M. CHEN
United States District Judge