UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BARNES AND NOBLE, INC., et al.,<br><br>        Plaintiffs,<br>   v.<br>LSI CORPORATION, et al.,<br><br>        Defendants.<br>_____/ | No. C 11-02709 EMC (LB)<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY LETTER DATED MAY 2, 2013**<br><br>[Re: ECF No. 214] |

## INTRODUCTION

On May 2, 2013, the parties filed a discovery dispute letter about LSI's request for source code for B&N's servers and in-store wireless service. *See* 5/2/2013 Joint Letter, ECF No. 214.[1] The court held a telephonic hearing on May 16, 2013 and orders disclosure pursuant to the protective order.

## STATEMENT

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively, "B&N") filed this lawsuit seeking a declaratory judgment of non-infringement and patent invalidity against defendants LSI Corporation and Agere Systems, Inc. (collectively, "LSI"). Original Complaint, ECF No. 1. LSI brought counterclaims against B&N for patent infringement. Answer and Counterclaims, ECF

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

1 No. 62. The lawsuit involves whether the Nook's 3G, WiFi, and audio technology infringes on
2 LSI's patents.

3 The current dispute is about LSI's request for source code not just for the NOOK but also for
4 other infringing devices. The court previously ordered source code to show the subject matter of the
5 accused patents. 9/6/12 Order, ECF No. 130 at 1. LSI wants to examine parts of the source code
6 that play a role in 3G and wifi communications, MP3 playback, sound effects for system and
7 keyboard events, and coding and decoding of audio data. B&N made a production, and LSI asserts
8 that it was deficient in that a significant amount was missing that related to the playback of MP3
9 files, 3G communications, and wifi communication. 5/2/2013 Joint Letter, ECF No. 214 at 1. The
10 missing code was deployed in NOOK devices and in B&N servers for in-store wifi, such as code for
11 the "Read In Store" feature that allows customers to read ebooks for free and receive targeted
12 promotions in the store. *Id.* B&N produced some code (presumably that related to the NOOK
13 devices) but refused to produce server code in the form of the in-store wifi code that encourages use
14 of the wifi in the store. *Id.*

## ANALYSIS

16 The parties argue about whether LSI accuses only NOOK devices.

17 LSI points to (1) its counterclaim accusing the wireless connectivity capability of the NOOK and
18 other devices to access B&N content and (2) its infringement contentions where it accuses
19 "equipment used in providing free in-store WiFi access," which necessarily encompasses servers.
20 *Id.* (also pointing to claims charts for the '958 and '867 patents regarding the "Read In Store"
21 functionality and the charts for the '730 patent accusing sale of audiobooks via B&N's website).
22 LSI asserts that the code in any event is relevant to its inducement theory. *Id.*

23 B&N responds that LSI accuses only the NOOK devices and that it withholds source code
24 responsive to two requests that relate only to B&N's servers and in-store wireless service and thus
25 are beyond the scope of the infringement contentions and requests for production. *Id.* at 3. It is,
26 however, "willing to revisit LSI's source code requests" after LSI serves its amended contentions.

27 The court orders production of the source code. At the hearing, B&N talked about how – even
28 with amended contentions – it cannot see the relevance of code related to the servers. LSI

responded that – for example – the "Read in Store" functionality is used with instore wifi access, and this is relevant to show the subject matter of the accused patents. As the court said previously, on this record, LSI has articulated a theory of relevance to the subject matter of the accused patents that is not limited to the NOOK. The case is about LSI's patents directed to technologies for wireless communication and for the delivery and playback of digital content, and it necessarily implicates wifi and digital sales via the B&N website. Also, B&N does not object to LSI's proposed amendments for the patents already at issue in this case. *See* B&N Response to LSI's Motion For Leave to Amend Infringement Contentions and Counterclaims, ECF No. 211 at 3 ("Barnes & Noble does not object to LSI's proposed amendments regarding Barnes & Noble's purported 'in-store wireless' and 'sales of downloads and digital content' . . . ."). Given the district court's reservations about avoiding piecemeal amendments to the contentions, *see* 4/11/2013 RT, ECF No. 205 at 22, it seems a poor choice to engage in piecemeal discovery that at worst will be covered by amended contentions that B&N does not oppose. B&N does not argue burden, and the protective order addresses any issues about production of source code.

## CONCLUSION

The court orders production of the withheld source code pursuant to the protective order. This disposes of ECF No. 214.

**IT IS SO ORDERED.**

Dated: May 17, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 11-02709 EMC (LB)
ORDER RE: 1/25/2013 JOINT LETTER

3