CHARLENE M. MORROW (CSB No. 136411)
cmorrow@fenwick.com
VIRGINIA K. DEMARCHI (CSB No. 168633)
vdemarchi@fenwick.com
HECTOR J. RIBERA (CSB No. 221511)
hribera@fenwick.com
BRYAN A. KOHM (CSB No. 233276)
bkohm@fenwick.com
YIXIN ZHANG (CSB No. 270527)
yzhang@fenwick.com
RAVI RANGANATH (CSB No. 272981)
rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center, 801 California Street
Mountain View, CA  94041
Telephone:      650.988.8500
Facsimile:       650.938.5200

Attorneys for Defendants
LSI CORPORATION and
AGERE SYSTEMS LLC

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARNES & NOBLE, INC. and BARNESANDNOBLE.COM LLC, | Case No.: 11-CV-02709 EMC |
| Plaintiffs, | **DEFENDANTS LSI CORPORATION AND AGERE SYSTEMS LLC'S FIRST AMENDED COUNTERCLAIMS** |
| v. | The Hon. Edward M. Chen |
| LSI CORPORATION and AGERE SYSTEMS LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## I.      COUNTERCLAIMS

LSI Corporation ("LSI") and Agere Systems LLC ("Agere," and collectively with LSI, "Counterclaimants") assert the following counterclaims against Barnes & Noble, Inc. ("Barnes & Noble") and Barnesandnoble.com LLC ("Barnesandnoble.com," and collectively with Barnes & Noble, "Counterclaim Defendants"):

**THE NATURE OF THE ACTION**

This is a civil action for infringement of U.S. Patent No. 5,546,420 (the "'420 patent"), entitled "Methods of and Devices for Enhancing Communications that Use Spread Spectrum Technology by Using Variable Power Techniques"; U.S. Patent No. 5,670,730 (the "'730 patent"), entitled "Data Protocol and Method for Segmenting Memory for a Music Chip"; U.S. Patent No. 5,920,552 (the "'552 patent"), entitled "Variable Rate Coding for Wireless Applications"; U.S. Patent No. 6,452,958 (the "'958 patent"), entitled "Digital Modulation System Using Extended Code Set"; U.S. Patent No. 6,707,867 (the "'867 patent"), entitled "Wireless Local Area Network Apparatus"; U.S. Patent No. 8,041,394 (the "'394 patent"), entitled "Methods and Systems for Transmitting an Information Signal in a Multiple Antenna Communication System"; U.S. Patent No. 5,870,087 (the "'087 patent"), entitled "MPEG Decoder System and Method Having a Unified Memory for Transport Decode and System Controller Functions"; U.S. Patent No. 5,568,167 (the "'167 patent"), entitled "System for Providing Antialiased Video Overlays"; U.S. Patent No. 6,982,663 (the "'663 patent"), entitled "Method and System for Symbol Binarization"; and U.S. Patent No. 5,452,006 (the "'006 patent"), entitled "Two-Part Synchronization Scheme for Digital Video Decoders."

**JURISDICTION AND VENUE**

1.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. §§ 1331, 1338(a).

2.      Counterclaim Defendants filed their original and amended complaints for declaratory judgment in this Court.

3.      On information and belief, Counterclaim Defendants promote, market, offer for sale, sell, or import products and/or services that directly or indirectly infringe the patents-in-suit within the Northern District of California.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1400(b). Counterclaimants reserve the right to object to this forum as inconvenient under 28 U.S.C. § 1404.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**PARTIES**

5.      Counterclaimant LSI is a Delaware corporation with its headquarters and principal place of business at 1621 Barber Lane, Milpitas, California 95035.  LSI is a leading provider of silicon and software technologies, offering a broad portfolio of services including integrated circuits, adapters, and software.  LSI has offices and carries out significant operations in Milpitas, California.  LSI is the assignee of and owns all rights to the '087, '167, '663 and '006 patents.

6.      Counterclaimant Agere is a Delaware limited liability company with its principal place of business at 1110 American Parkway, N.E., Allentown, Pennsylvania 18109.  Agere is the wholly owned subsidiary of LSI.  Agere is the assignee of and owns all rights to the '730, '420, '552,'867, '958 and '394 patents.

7.      Counterclaim Defendant Barnesandnoble.com is a Delaware corporation with headquarters and principal place of business in New York, New York.  Barnesandnoble.com offers for sale, sells and distributes electronic book reader hardware (such as the various versions of the "NOOK™"), Barnes & Noble software, and digital content via the Internet, for example, through an eCommerce site accessible via the barnesandnoble.com domain.  On information and belief, Barnesandnoble.com is a wholly-owned subsidiary of NOOK Media LLC, an affiliate of Barnes & Noble.

8.      On information and belief, Fictionwise LLC ("Fictionwise"), formerly Fictionwise, Inc., is a wholly-owned subsidiary of Barnes & Noble, and, prior to December 2012, operated independently from Barnes & Noble and Barnesandnoble.com.  Fictionwise operates eCommerce sites, such as www.fictionwise.com, through which it sells or has sold digital content including audio books.  After 2012, Fictionwise eCommerce sites direct users to www.barnesandnoble.com.

9.      Counterclaim Defendant Barnes & Noble is a Delaware corporation with headquarters and principal place of business in New York, New York.  On information and belief, Barnes & Noble owns and operates a network of retail stores that offers for sale and sells electronic book reader hardware (such as the various versions of the NOOK™), offers an in-store wireless system for its customers, and sells books, magazines, and related products. On

information and belief, Barnes & Noble is a majority shareholder in NOOK Media LLC, parent

company of Barnesandnoble.com

### FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,670,730)

10.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully

set forth herein.

11.     Agere has owned the '730 patent throughout the period of Counterclaim

Defendants' infringing acts and currently owns the '730 patent.  A copy of the '730 patent,

entitled "Data Protocol and Method for Segmenting Memory for a Music Chip" is attached hereto

as **Exhibit A**.

12.     Agere has provided notice of the '730 patent to Counterclaim Defendants through

at least filing and service of its complaint in the Eastern District of Pennsylvania, *Agere Systems*

*Inc., et al. v. Barnes & Noble, Inc., et al.*, Civil Action No. 5:11-cv-04751-LS (E.D. Pa.) (the

"Pennsylvania Action"), and by virtue of correspondence between the parties regarding the

patents-in-suit between June 2010 and April 2011.

13.     Barnes & Noble has been, is currently, and unless enjoined, will continue to

infringe one or more claims of the '730 patent by making, using, offering to sell, and selling

within the United States and/or importing into the United States audio player devices, such as the

NOOK™, for storing and playing "MP3/ID3" encoded audio files.

14.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to

infringe one or more claims of the '730 patent by making, using, offering to sell, and selling

within the United States and/or importing into the United States, audio player devices, such as the

NOOK™, for storing and playing "MP3/ID3" encoded audio files.

15.     Counterclaim Defendants and/or their affiliated entities such as Fictionwise have

also, and unless enjoined, will continue to infringe one or more claims of the '730 patent by

making, using, offering to sell and selling within the United States and/or importing into the

United States MP3/ID3 encoded audio files, which are sold through their eCommerce websites,

including without limitation www.barnesandnoble.com, www.fictionwise.com and other means.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

16.     Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '730 patent.  The '730 patent has been, is currently, and will continue to be infringed within the United States, including within this district, by at least Barnes & Noble's customers using MP3/ID3-encoded audio files provided by Barnes & Noble and/or using audio players supporting the MP3/ID3 file format, such as the NOOK™.  Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

17.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '730 patent.  The '730 patent has been, is currently, and will continue to be infringed within the United States, including within this district, by at least Barnesandnoble.com's customers using MP3/ID3-encoded audio files provided by Barnesandnoble.com and/or using audio players supporting the MP3/ID3 file format, such as the NOOK™.  Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

18.     Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '730 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of an audio player system including MP3/ID3-encoded audio files and/or audio player devices that constitute a material part of the invention recited in one or more claims of the '730 patent, that are especially made or adapted for use in an infringement of the '730 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

19.     On information and belief, Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '730 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of an audio player system including MP3/ID3-encoded audio files and/or audio player devices that constitute a material part of the invention recited in one or more claims

of the '730 patent, that are especially made or adapted for use in an infringement of the '730 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

20.     Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '730 patent and that their acts described above would directly and/or indirectly infringe the '730 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '730 patent.

21.     As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '730 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## SECOND COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,546,420)

22.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

23.     Agere has owned the '420 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '420 patent.  A copy of the '420 patent, entitled "Methods of and Devices for Enhancing Communications That Use Spread Spectrum Technology by Using Variable Code Techniques" is attached hereto as **Exhibit B**.

24.     Agere has provided notice of the '420 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

25.     Barnes & Noble has been, is currently, and unless enjoined, will continue to infringe one or more claims of the '420 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™. These devices embody and/or practice one or more claims of the '420 patent.

26. Barnesandnoble.com has been, is currently, and unless enjoined, will continue to infringe one or more claims of the '420 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™. These devices embody and/or practice one or more claims of the '420 patent.

27. Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '420 patent. The '420 patent has been, is currently, and will continue to be infringed within the United States, including within this district, by at least Barnes & Noble's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content. Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

28. Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '420 patent. The '420 patent has been, is currently, and will continue to be infringed within the United States, including within this district, by at least Barnesandnoble.com's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content. Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

29. Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '420 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that

constitute a material part of the invention recited in one or more claims of the '420 patent, that are especially made or adapted for use in an infringement of the '420 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

30.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '420 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '420 patent, that are especially made or adapted for use in an infringement of the '420 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

31.     Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '420 patent and that their acts described above would directly and/or indirectly infringe the '420 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '420 patent.

32.     As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '420 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

**THIRD COUNTERCLAIM**

**(Infringement of U.S. Patent No. 5,920,552)**

33.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

34.     Agere has owned the '552 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '552 patent.  A copy of the '552 patent, entitled "Variable Rate Coding for Wireless Applications" is attached hereto as **<u>Exhibit C</u>**.

35.     Agere has provided notice of the '552 patent to Counterclaim Defendants through

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

36.    Barnes & Noble has been, is currently, and unless enjoined, will continue to infringe one or more claims of the '552 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '552 patent.

37.    Barnesandnoble.com has been, is currently, and unless enjoined, will continue to infringe one or more claims of the '552 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide connectivity in compliance with the Third Generation Wideband Code Division Multiple Access ("3G W-CDMA" or "3G") cellular standards, such as the NOOK™.  These devices embody and/or practice one or more claims of the '552 patent.

38.    Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '552 patent.  The '552 patent has been, is currently, and will continue to be infringed within the United States, including within this district, by Barnes & Noble's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

39.    Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '552 patent.  The '552 patent has been, is currently, and will continue to be infringed within the United States, including within this district, by Barnesandnoble.com's customers using the 3G connectivity capability of the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content. Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  such infringement.

2       40.     Barnes & Noble has been, is currently, and unless enjoined, will continue to

3  contribute to the infringement of the '552 patent by making, using, offering to sell, and selling

4  within the United States and/or importing into the United States, one or more components that

5  constitute a material part of the invention recited in one or more claims of the '552 patent, that are

6  especially made or adapted for use in an infringement of the '552 patent, and that are not a staple

7  article or commodity of commerce suitable for substantial non-infringing use.

8       41.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to

9  contribute to the infringement of the '552 patent by making, using, offering to sell, and selling

10  within the United States and/or importing into the United States, one or more components that

11  constitute a material part of the invention recited in one or more claims of the '552 patent, that are

12  especially made or adapted for use in an infringement of the '552 patent, and that are not a staple

13  article or commodity of commerce suitable for substantial non-infringing use.

14       42.     Counterclaim Defendants' infringement is willful because Counterclaim

15  Defendants knew or should have known of the '552 patent and that their acts described above

16  would directly and/or indirectly infringe the '552 patent, but acted despite an objectively high

17  likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue

18  the infringing acts described above even after being informed in June 2010 of the existence and

19  their infringement of the '552 patent.

20       43.     As a direct and proximate consequence of Counterclaim Defendants' infringement

21  and willful infringement of the '552 patent, Agere has suffered and will continue to suffer

22  irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to

23  relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive

24  relief against further infringement.

**FOURTH COUNTERCLAIM**

**(Infringement of U.S. Patent No. 6,707,867)**

27       44.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully

28  set forth herein.

45.     Agere has owned the '867 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '867 patent.  A copy of the '867 patent, entitled "Wireless Local Area Network Apparatus" is attached hereto as **Exhibit D**.

46.     Agere has provided notice of the '867 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

47.     Barnes & Noble has been, is currently, and unless enjoined, will continue to infringe one or more claims of the '867 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as Barnes & Noble's in-store wireless network and/or the NOOK™ or other devices.  These devices embody and/or practice one or more claims of the '867 patent.

48.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to infringe one or more claims of the '867 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity capability in compliance with the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 wireless standards, such as the NOOK™ or other devices.  These devices embody and/or practice one or more claims of the '867 patent.

49.     Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '867 patent.  The '867 patent has been, is currently, and will continue to be infringed within the United States, including within this district, by Barnes & Noble's customers using devices that provide wireless connectivity such as Barnes & Noble's in-store wireless network and/or the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content.  Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

50.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to

actively induce and encourage infringement of the '867 patent.  On information and belief, the '867 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using devices that provide wireless connectivity such as Barnes & Noble's in-store wireless network and/or the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content. Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

51.     Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '867 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '867 patent, that are especially made or adapted for use in an infringement of the '867 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

52.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '867 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '867 patent, that are especially made or adapted for use in an infringement of the '867 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

53.     Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '867 patent and that their acts described above would directly and/or indirectly infringe the '867 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Moreover, Counterclaim Defendants continue the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '867 patent.

54.     As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '867 patent, Agere has suffered and will continue to suffer

irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief. Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## FIFTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,452,958)

55.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

56.     Agere has owned the '958 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '958 patent. A copy of the '958 patent, entitled "Digital Modulation System Using Extended Code Set" is attached hereto as **Exhibit E**.

57.     Agere has provided notice of the '958 patent to Counterclaim Defendants through at least the filing and service of the Pennsylvania Action and by virtue of correspondence between the parties regarding the patents-in-suit between June 2010 and April 2011.

58.     Barnes & Noble has been, is currently, and unless enjoined, will continue to infringe one or more claims of the '958 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity such as Barnes & Noble's in-store wireless network and/or the NOOK™ or other devices that embody or practice one or more claims of the '958 patent.

59.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to infringe one or more claims of the '958 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity such as the NOOK™ or other devices that embody or practice one or more claims of the '958 patent.

60.     Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '958 patent. The '958 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using devices that provide wireless connectivity such as Barnes & Noble's in-store wireless network and/or the NOOK™ or other devices to access

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Barnes & Noble and Barnesandnoble.com's content. Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

61. Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '958 patent. On information and belief, the '958 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using devices that provide wireless connectivity such as Barnes & Noble's in-store wireless network and/or the NOOK™ or other devices to access Barnes & Noble and Barnesandnoble.com's content. Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

62. Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '958 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '958 patent, that are especially made or adapted for use in an infringement of the '958 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

63. Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '958 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that constitute a material part of the invention recited in one or more claims of the '958 patent, that are especially made or adapted for use in an infringement of the '958 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

64. Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '958 patent and that their acts described above would directly and/or indirectly infringe the '958 patent, but acted despite an objectively high likelihood that such acts would infringe the patent. Moreover, Counterclaim Defendants continue

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

DFTS LSI'S & AGERE'S 1ST AMENDED
COUNTERCLAIMS

14

Case No.: 11-CV-02709 EMC

the infringing acts described above even after being informed in June 2010 of the existence and their infringement of the '958 patent.

65.     As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '958 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## SIXTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,041,394)

66.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

67.     Agere has owned the '394 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '394 patent.  A copy of the '394 patent, entitled "Methods and Systems for Transmitting an Information Signal in a Multiple Antenna Communication System" is attached hereto as **Exhibit F**.

68.     Agere has provided notice of the '394 patent to Counterclaim Defendants at least by filing and service of these amended counterclaims and the related motion to amend filed in this action on April 10, 2013.

69.     Barnes & Noble has been, is currently, and unless enjoined, will continue to infringe the '394 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity such as Barnes & Noble's in-store wireless network and/or the NOOK™ or other devices that embody the methods claimed in the '394 patent.

70.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to infringe the '394 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices that provide wireless connectivity such as the NOOK™ or other devices that embody the methods claimed in the '394 patent.

71.     Barnes & Noble has been, is currently, and unless enjoined, will continue to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

actively induce and encourage infringement of the '394 patent.  The '394 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnes & Noble's customers using devices providing wireless connectivity such as the NOOK$^{TM}$ or other devices.  Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

72.    Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '394 patent.  The '394 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnesandnoble.com customers devices providing wireless connectivity such as the NOOK$^{TM}$ or other devices.  Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

73.    Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '394 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of wireless devices that are especially made or adapted for use in infringement of the '394 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

74.    Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '394 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of wireless devices that are especially made or adapted for use in an infringement of the '394 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

75.    Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '394 patent and that their acts described above would directly or indirectly infringe the '394 patent, but acted despite an objectively high

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

likelihood that such acts would infringe the patent.  Further, since Counterclaim Defendants have notice of the '394 patent at least by virtue of the instant litigation, any continuing infringement will be intentional and willful.

76.     As a direct and proximate consequence of Counterclaim Defendants' willful infringement of the '394 patent, Agere has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Agere is entitled to relief.  Agere seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## SEVENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,870,087)

77.     Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

78.     LSI has owned the '087 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '087 patent.  A copy of the '087 patent, entitled "MPEG Decoder System and Method Having a Unified Memory for Transport Decode and System Controller Functions" is attached hereto as **Exhibit G**.

79.     LSI has provided notice of the '087 patent to Counterclaim Defendants at least by filing and service of these amended counterclaims and the related motion to amend filed in this action on April 10, 2013.

80.     Barnes & Noble has been, is currently, and unless enjoined, will continue to infringe the '087 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices capable of video decoding that embody the methods claimed in the '087 patent, such as the NOOK$^{TM}$ or other devices.

81.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to infringe the '087 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices capable of video decoding that embody the methods claimed in the '087 patent, such as the NOOK$^{TM}$ or other devices.

82.     Barnes & Noble has been, is currently, and unless enjoined, will continue to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

actively induce and encourage infringement of the '087 patent. The '087 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnes & Noble's customers using the video decoding capability in devices, such as the NOOK™ or other devices. Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

83. Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '087 patent. The '087 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnesandnoble.com customers using the video decoding capability in devices, such as the NOOK™ or other devices. Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

84. Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '087 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of devices with video decoding capability that are especially made or adapted for use in an infringement of the '087 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

85. Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '087 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of devices with video decoding capability that are especially made or adapted for use in an infringement of the '087 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

86. Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '087 patent and that their acts described above would directly or indirectly infringe the '087 patent, but acted despite an objectively high

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  likelihood that such acts would infringe the patent. Further, since Counterclaim Defendants have

2  notice of the '087 patent at least by virtue of the instant litigation, any continuing infringement

3  will be intentional and willful.

4  87.  As a direct and proximate consequence of Counterclaim Defendants' willful,

5  infringement of the '087 patent, LSI has suffered and will continue to suffer irreparable injury

6  and damages, in an amount not yet determined, for which LSI is entitled to relief. LSI seeks

7  damages and treble damages, as well as preliminary and permanent injunctive relief against

8  further infringement.

9  **EIGHTH COUNTERCLAIM**

10  **(Infringement of U.S. Patent No. 5,568,167)**

11  88.  Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully

12  set forth herein.

13  89.  LSI has owned the '167 patent throughout the period of Counterclaim Defendants'

14  infringing acts and currently owns the '167 patent. A copy of the '167 patent, entitled "System

15  for Providing Antialiased Video Overlays" is attached hereto as **Exhibit H**.

16  90.  LSI has provided notice of the '167 patent to Counterclaim Defendants at least by

17  filing and service of these amended counterclaims and the related motion to amend filed in this

18  action on April 10, 2013.

19  91.  Barnes & Noble has been, is currently, and unless enjoined, will continue to

20  infringe the '167 patent by making, using, offering to sell, and selling within the United States

21  and/or importing into the United States devices with closed captioning/subtitling capability that

22  embody the methods claimed in the '167 patent.

23  92.  Barnesandnoble.com has been, is currently, and unless enjoined, will continue to

24  infringe the '167 patent by making, using, offering to sell, and selling within the United States

25  and/or importing into the United States devices with closed captioning/subtitling capability that

26  embody the methods claimed in the '167 patent.

27  93.  Barnes & Noble has been, is currently, and unless enjoined, will continue to

28  actively induce and encourage infringement of the '167 patent. The '167 patent has been, is

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnes & Noble's customers using devices with closed captioning/subtitling capability, such as the NOOK™ or other devices.  Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

94.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '167 patent.  The '167 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnesandnoble.com customers using devices with closed captioning/subtitling capability, such as the NOOK™ or other devices.  Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

95.     Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '167 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that are especially made or adapted for use in an infringement of the '167 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

96.     Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '167 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that are especially made or adapted for use in an infringement of the '167 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

97.     Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '167 patent and that their acts described above would directly or indirectly infringe the '167 patent, but acted despite an objectively high likelihood that such acts would infringe the patent.  Further, since Counterclaim Defendants have notice of the '167 patent at least by virtue of the instant litigation, any continuing infringement

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

will be intentional and willful.

98.    As a direct and proximate consequence of Counterclaim Defendants' willful, infringement of the '167 patent, LSI has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which LSI is entitled to relief. LSI seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## NINTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,982,663)

99.    Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully set forth herein.

100.    LSI has owned the '663 patent throughout the period of Counterclaim Defendants' infringing acts and currently owns the '663 patent. A copy of the '663 patent, entitled "Method and System for Symbol Binarization" is attached hereto as **Exhibit I**.

101.    LSI has provided notice of the '663 patent to Counterclaim Defendants at least by filing and service of these amended counterclaims and the related motion to amend filed in this action on April 10, 2013.

102.    Barnes & Noble has been, is currently, and unless enjoined, will continue to infringe the '663 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices capable of decoding video using the methods claimed in the '663 patent.

103.    Barnesandnoble.com has been, is currently, and unless enjoined, will continue to infringe the '663 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States devices capable of decoding video using the methods claimed in the '663 patent.

104.    Barnes & Noble has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '663 patent. The '663 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnes & Noble's customers using devices capable of decoding video using the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

methods claimed in the '663 patent. Barnes & Noble actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

105.    Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '663 patent. The '663 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by Barnesandnoble.com's customers using devices capable of decoding video using the methods claimed in the '663 patent. Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

106.    Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '663 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that are especially made or adapted for use in infringement of the '663 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

107.    Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '663 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components that are especially made or adapted for use in infringement of the '663 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

108.    Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '663 patent and that their acts described above would directly or indirectly infringe the '663 patent, but acted despite an objectively high likelihood that such acts would infringe the patent. Further, since Counterclaim Defendants have notice of the '663 patent at least by virtue of the instant litigation, any continuing infringement will be intentional and willful.

109.    As a direct and proximate consequence of Counterclaim Defendants' infringement and willful infringement of the '663 patent, LSI has suffered and will continue to suffer

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   irreparable injury and damages, in an amount not yet determined, for which LSI is entitled to

2   relief.  LSI seeks damages and treble damages, as well as preliminary and permanent injunctive

3   relief against further infringement.

4                                      **TENTH COUNTERCLAIM**

5                         **(Infringement of U.S. Patent No. 5,452,006)**

6       110.    Counterclaimants incorporate by reference paragraphs 1 through 9 above as if fully

7   set forth herein.

8       111.    LSI has owned the '006 patent throughout the period of Counterclaim Defendants'

9   infringing acts and currently owns the '006 patent.  A copy of the '006 patent, entitled "Two-Part

10  Synchronization Scheme for Digital Video Decoders" is attached hereto as **Exhibit J**.

11      112.    LSI has provided notice of the '006 patent to Counterclaim Defendants at least by

12  filing and service of these amended counterclaims and the related motion to amend filed in this

13  action on April 10, 2013.

14      113.    Barnes & Noble has been, is currently, and unless enjoined, will continue to

15  infringe the '006 patent by making, using, offering to sell, and selling within the United States

16  and/or importing into the United States devices capable of video decoding that embody the

17  methods claimed in the '006 patent.

18      114.    Barnesandnoble.com has been, is currently, and unless enjoined, will continue to

19  infringe the '006 patent by making, using, offering to sell, and selling within the United States

20  and/or importing into the United States devices capable of video decoding that embody the

21  methods claimed in the '006 patent.

22      115.    Barnes & Noble has been, is currently, and unless enjoined, will continue to

23  actively induce and encourage infringement of the '006 patent.  The '006 patent has been, is

24  currently, and will continue to be directly infringed within the United States, including within this

25  district, by at least Barnes & Noble's customers using the video decoding capability in the

26  NOOK™ or other devices.  Barnes & Noble actively encourages that infringement with specific

27  intent to induce and encourage such infringement or at a minimum with deliberate indifference to

28  the known risk of such infringement.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

116. Barnesandnoble.com has been, is currently, and unless enjoined, will continue to actively induce and encourage infringement of the '006 patent. The '006 patent has been, is currently, and will continue to be directly infringed within the United States, including within this district, by at least Barnesandnoble.com customers using the video decoding capability in the NOOK™ or other devices. Barnesandnoble.com actively encourages that infringement with specific intent to induce and encourage such infringement or at a minimum with deliberate indifference to the known risk of such infringement.

117. Barnes & Noble has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '006 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of devices capable of video decoding that are especially made or adapted for use in an infringement of the '006 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

118. Barnesandnoble.com has been, is currently, and unless enjoined, will continue to contribute to the infringement of the '006 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States, one or more components of devices capable of video decoding that are especially made or adapted for use in an infringement of the '006 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

119. Counterclaim Defendants' infringement is willful because Counterclaim Defendants knew or should have known of the '006 patent and that their acts described above would directly or indirectly infringe the '006 patent, but acted despite an objectively high likelihood that such acts would infringe the patent. Further, since Counterclaim Defendants have notice of the '006 patent at least by virtue of the instant litigation, any continuing infringement will be intentional and willful.

120. As a direct and proximate consequence of Counterclaim Defendants' willful, infringement of the '006 patent, LSI has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which LSI is entitled to relief. LSI seeks

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants Agere and LSI demand the following relief against Counterclaim Defendants Barnes & Noble and Barnesandnoble.com:

a) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '730 patent;

b) a preliminary and permanent injunction against the continuing infringement of the '730 patent;

c) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '420 patent;

d) a preliminary and permanent injunction against the continuing infringement of the '420 patent;

e) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '552 patent;

f) a preliminary and permanent injunction against the continuing infringement of the '552 patent;

g) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '867 patent;

h) a preliminary and permanent injunction against the continuing infringement of the '867 patent;

i) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '958 patent;

j) a preliminary and permanent injunction against the continuing infringement of the '958 patent;

k) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '087 patent;

l) a preliminary and permanent injunction against the continuing infringement of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

'087 patent;

m) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '394 patent;

n) a preliminary and permanent injunction against the continuing infringement of the '394 patent;

o) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '167 patent;

p) a preliminary and permanent injunction against the continuing infringement of the '167 patent;

q) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '006 patent;

r) a preliminary and permanent injunction against the continuing infringement of the '006 patent;

s) entry of a judgment declaring that Counterclaim Defendants have infringed, directly and indirectly, one or more claims of the '663 patent;

t) a preliminary and permanent injunction against the continuing infringement of the '663 patent;

u) damages to compensate Agere and LSI for Counterclaim Defendants' infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because of Counterclaim Defendants' willful infringement;

v) an accounting of all damages sustained by LSI and Agere as the result of Counterclaim Defendants' infringement pursuant to 35 U.S.C. § 284;

w) an award of pre-judgment and post-judgment interest and costs to LSI and Agere;

x) an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

y) all costs of suit pursuant to 28 U.S.C. § 1920 and any other applicable statute; and

z) such other and further relief as the Court may deem just and fair.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**DEMAND FOR JURY TRIAL**

Agere and LSI demand trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

Dated: May 20, 2013                        FENWICK & WEST LLP


By: */s/ Virginia K. DeMarchi*
      Virginia K. DeMarchi

Attorneys for Defendants
LSI CORPORATION and
AGERE SYSTEMS LLC

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW