UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BARNES AND NOBLE, INC., et al., | No. C 11-02709 EMC (LB) |
| Plaintiffs, | **ORDER REGARDING THE PARTIES' JOINT DISCOVERY LETTER DATED OCTOBER 3, 2013** |
| v. | |
| LSI CORPORATION, et al., | [Re: ECF No. 251] |
| Defendants. | |

## INTRODUCTION

The parties dispute when Barnes and Noble ("B&N") should disclose certain financial information. *See* 8/23/2013 Joint Letter, ECF No. 237.[1] The court held a telephonic hearing on October 10, 2013 and orders the following.

## ANALYSIS

This lawsuit involves whether the Nook eReader's 3G, WiFi, and audio technology infringes on LSI's patents. B&N produced financial information through December 2012, and LSI wants B&N to supplement that information now. Joint Letter Brief, ECF No. 237 at 1, 4. B&N does not oppose production but, given the burden of supplementing it, wants to do so on a schedule tied to LSI's need for it. B&N's view is that LSI does not need updates to already-produced information now,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 11-02709 EMC (LB)
ORDER

1  particularly given that any settlement discussions will be after claims construction. *Id.* at 4.

2  The court directed the parties to submit proposals for disclosure based on category. They did so.
3  *See* ECF No. 251-1.

4  At the hearing, and in the joint letter, B&N said that it would not be overly burdensome to
5  produce some of the information sought (the "Monthly Sales Data (units/revenues) for NOOK
6  Devices") by October 31, 2013. *See id.* at 3. For the rest, it argued burden. For example, it says
7  that for "Monthly Device Component Cost Data for NOOK Devices," there are 45 or more
8  components, the production process involves third parties and different vendors, and it is not a click-
9  to-produce scenario the way some revenue information is. It also says it would be much more
10 efficient if this process is done once for FYE 2013 and FYE 2014. B&N's fiscal year ends in April,
11 and both parties agree that a July production for an April fiscal year end is reasonable. B&N asserts
12 that damages and settlement really are not on the table until after the claims construction hearing,
13 which currently is set for March 2014, so there is no need for the discovery now. B&N also points
14 to its business reality, which is that the holiday season is its big season, and B&N on the business
15 side faces heavy burdens by producing information now. Given the efficiencies and reduction in
16 burden, B&N proposes a July 2014 production for both FYE 2013 and FYE 2014.

17 LSI responds that B&N has not provided a declaration establishing its purported burdens, and it
18 should have to, given that its counsel is relying on informal representations by the client. LSI also
19 points out that annual production of financial data helps it evaluate its damages position and make
20 reasoned choices about the litigation, including settlement. LSI asserts that the financial information
21 at stake now is for FYE 2013 (which ended in April 2013) and a reasonable time to supplement was
22 in July 2013 (which passed three months ago). LSI also suggests that B&N holiday season burden is
23 of its own making because it resisted supplementation for the last several months. Finally, LSI
24 points out that discovery in this case is not bifurcated into claims construction and merits phases, so
25 the parties are engaged in full-out discovery now. In sum, given the importance of the financial data
26 to its damages analysis and a lack of evident undue burden, LSI believes there is no reason for B&N
27 to delay production of the information for FYE April 2013 until July 2014.

28 In balancing the tensions between the timing and the utility of production, the court orders the

C 11-02709 EMC (LB)
ORDER
2

1 following. One, B&N shall produce the revenue information by the end of October 2013 (as it proposes in the joint letter brief). Two, going forward (and absent further order of the court or the agreement of the parties), the financial information for a given fiscal year must be supplemented annually three months after the end of that fiscal year end (*i.e.*, by July). This means that B&N must produce the FYE 2014 financial information by July 2014. Three, the remaining FYE 2013 financial information is what is at stake. B&N must file a declaration by October 24, 2013 identifying with more particularity what the burden issues are so that there is a better fact record. That being said, considering the practical realities of the situation (*i.e.*, the nature of B&N's business, the ordinary three-month time frame that would be appropriate for supplementing financial information following the fiscal year end, the timing vis-à-vis the claim construction hearing, the utility of the information to LSI, and the practical reality of when LSI's expert would be available to dig into the financial information), on the fact record as it stands now, the court provisionally orders production of the FYE 2013 financial information by the end of February 2014. This gives B&N additional time beyond the ordinary three-month deadline that the court would impose to account for the holiday season. B&N's counsel will discuss the issue with the client. If B&N can live with producing the fiscal year end 2013 data by the end of February 2014, then it does not need to file a declaration to try to establish undue burden.

If B&N elects to file a declaration, it must do so by October 24, 2013. The court assumes that any response by LSI will be argument, and thus the court sets a further telephonic hearing on October 31, 2013 at 10:00 a.m. Counsel should appear at the hearing through CourtCall. If LSI believes it needs to supplement the fact record, it must file a notice to reset the hearing to November 7, 2013, at 9:30 a.m., and it must file its responsive fact declaration by October 31, 2013. If B&N, on the other hand, elects not to file a declaration, by October 24, 2013 it must file a one-page request to vacate the October 31, 2013 hearing, and the court's provisional ruling with respect to the FYE 2013 financial information will become final.

///
///
///

C 11-02709 EMC (LB)
ORDER

**CONCLUSION**

This disposes of ECF No. 251.

**IT IS SO ORDERED.**

Dated: October 10, 2013

_____
LAUREL BEELER
United States Magistrate Judge