| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>John B. Quinn (Bar No. 90378)<br>Shon Morgan (Bar No. 187736)<br><br>865 S Figueroa Street 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>Email: johnquinn@quinnemanuel.com<br>         shonmorgan@quinnemanuel.com<br><br>David Eiseman (Bar No. 114758)<br>Melissa J. Baily (Bar No. 237649)<br>Carl G. Anderson (Bar No. 239927)<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br>Email: davideiseman@quinnemanuel.com<br>         melissabaily@quinnemanuel.com<br>         carlanderson@quinnemauel.com<br><br>Attorneys for Plaintiffs<br>Barnes & Noble, Inc. and<br>barnesandnoble.com llc | CHARLENE M. MORROW (CSB No. 136411)<br>cmorrow@fenwick.com<br>VIRGINIA K. DEMARCHI (CSB No. 168633)<br>vdemarchi@fenwick.com<br>HECTOR J. RIBERA (CSB No. 221511)<br>hribera@fenwick.com<br>DAVID D. SCHUMANN (CSB No. 223936)<br>dschumann@fenwick.com<br><br>FENWICK & WEST LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041<br>Telephone:  650.988.8500<br>Facsimile:   650.938.5200<br><br>ATTORNEYS FOR DEFENDANTS<br>LSI CORPORATION AND AGERE SYSTEMS LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARNES & NOBLE, INC. and BARNESANDNOBLE.COM LLC<br><br>          Plaintiffs,<br><br>     v.<br><br>LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>          Defendants. | Case No.: 11-CV-02709 EMC<br><br>**SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br><br>Judge:    Hon. Edward M. Chen<br><br>Tutorial: March 10, 2014, 2:30 pm,<br>             March 11, 2014, 3:00 pm<br><br>Hearing:  March 24, 2014, 2:30 pm,<br>             March 25, 2014, 3:00 pm |

Pursuant to Patent L.R. 4-3 and the Court's October 3, 2013 Amendment to the March 25, 2013 Case Management Order (Dkt. No. 250), Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC ("Barnes & Noble" or "B&N") and Defendants LSI Corporation and Agere Systems LLC ("LSI") hereby submit this Supplemental Joint Claim Construction and Prehearing Statement concerning U.S. Patent Nos. 5,670,730 (the "'730 patent"), 6,452,958 (the "'958 patent"), 6,707,867 (the "'867 patent"), 5,546,420 (the "'420 patent") and 5,920,552 (the "'552 patent") (the "Original Patents"), as well as the Supplemental Patents, U.S. Patent Nos. 6,982,663 (the "'663 patent"), 5,870,087 (the "'087 patent"), 8,041,394 (the "'394 patent"), and 5,452,006 (the "'006 patent") (the "Supplemental Patents," and, together with the Original Patents, the "Asserted Patents").

## I. PATENT L.R. 4-3(a): AGREED CONSTRUCTIONS

Constructions of claim terms for the Asserted Patents on which the parties agree are provided in Appendices A-1 and A-2.

## II. PATENT L.R. 4-3(b): PROPOSED CONSTRUCTIONS OF DISPUTED TERMS

Each party's proposed constructions of disputed terms of the Asserted Patents, together with an identification of supporting intrinsic and extrinsic evidence, are provided in Appendices B-1 and B-2.

## III. PATENT L.R. 4-3(c): MOST SIGNIFICANT DISPUTED CLAIM TERMS FOR CONSTRUCTION

In the parties' January 18, 2013 Joint Claim Construction and Prehearing Statement (Dkt. No. 163), they jointly identified ten claim terms/groups of claim terms of the five Original Patents as most significant to the resolution of the parties' dispute. LSI also identified four additional terms which it believed to be significant to the resolution of the case, while B&N identified an additional two terms it believed to be significant.

Since that time, the Court granted LSI leave to assert claims for infringement of the four Supplemental Patents. Dkt. No. 221. Prior to submission of the instant Supplemental Joint Statement, the parties met and conferred to narrow the range of disputes and eliminated a number of terms. However, given that nine unrelated patents are at issue, the parties are unable to

identify only ten terms that are "most significant to the resolution of the case." Rather, additional terms are likely to require construction before the case will be resolved. The parties therefore respectfully request that the Court construe all of the terms/groups of terms identified below, for which the parties have a material dispute that must be resolved in order to adjudicate the parties' respective infringement and/or invalidity claims and defenses.

1. Original Patents

The parties previously identified the following ten terms as most significant to the resolution of the case for the Original Patents. Dkt. No. 163 at 3–4. These terms remain most significant for the Original Patents and the parties request that the Court construe them.

a. "first header having parameters stored therein for use by said audio player in decoding said digitally encoded music in said memory" (claim 1, '730 patent) / "global header having parameters stored therein corresponding to an encoding technique used for storing said pre-recorded audio in memory and used by said audio player in decoding said audio" (claim 18, '730 patent)

b. "wherein the timestamp accounts for delays due to a busy signal on a medium access protocol" (claims 1, 15, 19, 20, 33, 38, 40, 51, and 64, '867 patent)

c. "code" (claims 1, 4, 7, 10, 22, 23-25, 29, 32, 35, '958 patent)

d. "suitable for multipath environments" (claims 1, 22, 32, '958 patent)

e. "more significant bits"/"less significant bits" (claims 1, 2, 9, 10, 17, 23, '420 patent)

f. "first segment of the signal" (claims 1, 9, '420 patent) / "second segment of the signal" (claims 1, 9, '420 patent) / "first received segment of the signal" (claims 17, 23, '420 patent) / "second received segment of the signal" (claims 17, 23, '420 patent)

g. "periodically receiving a transmission signal from a transmitter" (claims 1, 9, 13, 16, 20, 26, 34, 42, 44, 46, 47 and 49, '867 patent)

h. "accounts for a delay"/ "accounts for delays" (claims 1, 14-15, 18-19, 20, 32-33, 37-40, 47, 49-51, 62-64, '867 patent) / "accounting for a delay" (claim 44, '867 patent)

i. "when" (claims 1, 3, 4, '552 patent)

j. "a timestamp having a value m for synchronizing a receiver timer with the transmitter timer, wherein the timestamp represents a value within a count sequence of a timer in the transmitter" (claims 1, 9, 13, 16, '867 patent) / "a timestamp having a value m for

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

|   |   |
|---|---|
| 1 | synchronizing the receiver counter with a transmitter timer, wherein the timestamp represents a value m within a count sequence of the transmitter timer" (claims 20, 26, 34, 46, 47, '867 patent) / "a timestamp having a value m for synchronizing a receiver timer with the transmitter timer, the timestamp representing a value within a count sequence of a timer in the transmitter" (claims 42, 44, '867 patent) / "a timestamp for synchronizing the receiver timer with a transmitter timer that counts up to n counts, the timestamp being a value m" (claim 49, '867 patent) / "the timestamp being a value m that accounts for a delay between a start of a process to transmit the transmission signal from the transmitter and an actual time of transmitting the transmission signal" (claim 62, '867 patent) / "a receiver counter that counts up to n counts" (claims 20, 26, 34, 46, 47, '867 patent) / "a receiver timer that counts up to n counts" (claim 49, '867 patent) / "each timer counting up to n counts" (claim 62, '867 patent) |

The parties further identified six additional claim terms/elements of the Original Patents that are significant to resolution of LSI's claims, and therefore request that the Court construe them. Dkt. No. 163 at 5.

  a. "increasing a coding rate"/ "decreasing the coding rate" (claim 1, '552 patent)

  b. "using a first Walsh matrix" / "using a second Walsh matrix" / "using a third Walsh matrix" (claims 3-5, '552 patent)

  c. "the traffic pending field" (claims 6, 23, '867 patent)

  d. "error protection process" (claims 1, 2, 9, 10, 17, 23, '420 patent)

  e. "monitoring a data backlog of data to be transmitted" (claims 1, 3, '552 patent)

  f. "threshold" (claims 1, 3, 4, '552 patent)

2. Supplemental Patents

Regarding the four Supplemental Patents, the parties met and conferred, identifying the following ten claim terms, or groups of claim terms, of the Supplemental Patents as the most significant to resolution of LSI's claims and B&N's defenses with respect to those patents:

  a. "single memory" / "first unified memory" (claims 10–14, '087 patent)

  b. "controlling operations accesses code and data from said first unified memory" / "operates using a first unified memory" / "operates using said first unified memory" (claim 10, '087 patent)

  c. "demultiplexing one or more multimedia data streams from the

encoded stream" (claim 10, '087 patent)

    d.    "MPEG encoded stream" (claim 10, '087 patent)

    e.    "setting said index value to a threshold" / "set an index value to a threshold" (claim 1, '663 patent)

    f.    Order of steps (claim 1, '663 patent)

    g.    Order of steps (claim 12, '663 patent)

    h.    "further parsing the video bitstream" (claim 27, '006 patent)

    i.    "an MPEG format" (claim 27,'006 patent)

    j.    Preamble of Claim 1 / "multiple antenna communication system" (claim 1,'394 patent)

The parties further identify eight additional claim terms/elements of the Supplemental Patents that are significant to the resolution of LSI's claims and B&N's defenses, and therefore request that the Court construe them:

    a.    Preamble for Claim 1 / "A method for generating an index value from a codeword for digital video decoding" (claim 1, '663 patent)

    b.    "adding an offset to said index value" (claim 1, '663 patent)

    c.    "adding a value to said index value" (claim 1, '663 patent)

    d.    "synchronizing to the received multiplexed bitstream" / "synchronizing to the bitstream" / "synchronizing to the multiplexed bitstream" (claims 27–29, '006 patent)

    e.    "parsing the video bitstream from the synchronized multiplexed bitstream" (claims 27–28, '006 patent)

    f.    "proceed independently" / "wherein the steps of synchronizing to the bistream and parsing the video bitstream from the synchronized multiplexed bitstream proceed independently with respect to the steps of parsing the video bitstream and decoding the parsed video bitstream" (claim 28, '006 patent)

    g.    "separating said information signal into K signals" (claim 1, '394 patent)

    h.    "performing an Inverse Fast Fourier Transformation on said K signals to generate a signal comprising K different frequencies" (claim 1, '394 patent)

## IV. PATENT L.R. 4-3(D): ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING

The Court's case management schedule currently includes four to five hours spread over two days for the claim construction hearing (assuming the claim construction proceedings conclude at 5:00 pm). *See* Dkt. No. 221 at 3. The parties anticipate, given the large number of patents, claims, and claim terms currently at issue, they will require the full amount of this time for the claim construction hearing.

## V. WITNESSES

Set forth below are the parties' positions regarding the role of expert witnesses during the claim construction process.

### A. LSI's Position Regarding Witnesses

Depending on which claim terms, phrases or clauses the Court elects to construe, LSI may rely upon the testimony of expert witnesses. More specifically, LSI may call upon testimony by:

- Dr. Kevin Negus. Dr. Negus will offer testimony relating to '867,'958 and '394 patents, including but not limited to testimony regarding: the background of the patents, the level of one of ordinary skill in the art relevant to the patents, the intrinsic and extrinsic evidence offered by the parties, how one of ordinary skill in the art would understand the claim terms, clauses and phrases identified in Appendices B-1 and B-2 in light of the intrinsic and extrinsic evidence, how that understanding comports with the constructions proposed by LSI, the relevance of the proposed claim terms, phrases, clauses and claim constructions to the issues in dispute in the case, and the claim construction positions taken by B&N. Dr. Negus may also prepare demonstrative exhibits to illustrate his testimony.

- Dr. Ray Nettleton. Dr. Nettleton will offer testimony relating to '420 and '552 patents, including but not limited to testimony regarding: the background of the patents, the level of one of ordinary skill in the art relevant to the patents, the intrinsic and extrinsic evidence offered by the parties, how one of ordinary skill in the art would understand the claim terms, clauses and phrases identified in Appendix B-1 in

light of the intrinsic and extrinsic evidence, how that understanding comports with the constructions proposed by LSI, the relevance of the proposed claim terms, phrases, clauses and claim constructions to the issues in dispute in the case, and the claim construction positions taken by B&N. Dr. Nettleton may also prepare demonstrative exhibits to illustrate his testimony.

- Dr. Nikil Jayant. Dr. Jayant will offer testimony relating to '730 patent, including but not limited to testimony regarding: background of the patent, the level of one of ordinary skill in the art relevant to the patent, the intrinsic and extrinsic evidence offered by the parties, how one of ordinary skill in the art would understand the claim terms, clauses and phrases identified in Appendix B-1 in light of the intrinsic and extrinsic evidence, how that understanding comports with the constructions proposed by LSI, the relevance of the proposed claim terms, phrases, clauses and claim constructions to the issues in dispute in the case, and the claim construction positions taken by B&N. Dr. Jayant may also prepare demonstrative exhibits to illustrate his testimony.

- Dr. Sukumaran Nair. Dr. Nair will offer testimony relating to '087 and '006 patents, including but not limited to testimony regarding: background of the patent, the level of one of ordinary skill in the art relevant to the patent, the intrinsic and extrinsic evidence offered by the parties, how one of ordinary skill in the art would understand the claim terms, clauses and phrases identified in Appendix B-2 in light of the intrinsic and extrinsic evidence, how that understanding comports with the constructions proposed by LSI, the relevance of the proposed claim terms, phrases, clauses and claim constructions to the issues in dispute in the case, and the claim construction positions taken by B&N. Dr. Nair may also prepare demonstrative exhibits to illustrate his testimony.

- Dr. Glenn Reinman. Dr. Reinman will offer testimony relating to '663 patent, including but not limited to testimony regarding: background of the patent, the level of one of ordinary skill in the art relevant to the patent, the intrinsic and extrinsic

evidence offered by the parties, how one of ordinary skill in the art would understand the claim terms, clauses and phrases identified in Appendix B-2 in light of the intrinsic and extrinsic evidence, how that understanding comports with the constructions proposed by LSI, the relevance of the proposed claim terms, phrases, clauses and claim constructions to the issues in dispute in the case, and the claim construction positions taken by B&N. Dr. Reinman may also prepare demonstrative exhibits to illustrate his testimony.

### B. Barnes & Noble's Position Regarding Witnesses

Barnes & Noble does not believe that expert witness testimony at the claim construction hearing will be needed. However, to the extent LSI intends to offer expert witness testimony and the Court permits such testimony, Barnes & Noble may call the following rebuttal witnesses: Nicholas Bambos, Ph.D. ('867, '958, and '394 patents); Frederic Leroudier ('420 and '552 patents); Paris Smaragdis ('730 patent), and Dan Schonfeld ('663, '087, and '006 patents). While Barnes & Noble does not believe that extrinsic evidence in the form of expert testimony is necessary or appropriate in the present case, Barnes & Noble may rely on these witnesses to provide testimony that the relevant terms should be construed as proposed by Barnes & Noble in light of intrinsic evidence, extrinsic evidence, and/or the meaning of the term to one of ordinary skill in the art to the extent necessary to respond to any arguments raised by LSI or its experts. These expert witnesses may also prepare demonstrative exhibits to illustrate their testimony.

## VI. CLAIM CONSTRUCTION BRIEFING

During the April 11, 2013 Case Management Conference, when LSI had only asserted the five Original Patents, the Court set a limit of thirty-five pages for opening and responsive claim construction briefs and 20 pages for the reply and sur-reply briefs. *See* April 11, 2013 Hearing Transcript at 17:13-19. As the parties' briefing must address the disputed claim terms of the *nine* Asserted Patents (including the five Original Patents and the four Supplemental Patents), the parties respectfully request that the Court increase the page limit for opening and responsive claim construction briefs to 55 pages and for reply/sur-reply briefs to 30 pages.

SUPP. JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT                              8                              Case No.: 11-CV-02709 EMC

Dated: November 15, 2013

FENWICK & WEST LLP

By: */s/ David D. Schumann*
David D. Schumann
Attorneys for Defendants
LSI Corporation and
Agere Systems LLC

Dated: November 15, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ David Eiseman*
David Eiseman
Attorneys for Plaintiff
Barnes & Noble, Inc. And
barnesandnoble.com llc

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, David D. Schumann, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of November, 2013, in San Francisco, California.

By: */s/ David D. Schumann*
David D. Schumann