QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
865 S Figueroa Street 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email:  johnquinn@quinnemanuel.com

David Eiseman (Bar No. 114758)
Melissa J. Baily (Bar No. 237649)
Carl G. Anderson (Bar No. 239927)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: davideiseman@quinnemanuel.com
           melissabaily@quinnemanuel.com
           carlanderson@quinnemauel.com

Attorneys for Plaintiffs
Barnes & Noble, Inc. and
barnesandnoble.com llc

CHARLENE M. MORROW (CSB No. 136411)
cmorrow@fenwick.com
VIRGINIA K. DEMARCHI (CSB No. 168633)
vdemarchi@fenwick.com
HECTOR J. RIBERA (CSB No. 221511)
hribera@fenwick.com
DAVID D. SCHUMANN (CSB No. 223936)
dschumann@fenwick.com

FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Attorneys for Defendants
LSI Corporation and Agere Systems LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARNES & NOBLE, INC. and BARNESANDNOBLE.COM LLC<br><br>Plaintiffs,<br><br>v.<br><br>LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>Defendants. | Case No.: 11-CV-02709 EMC<br><br>**THIRD SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:   Hon. Edward M. Chen<br><br>Date:    March 25, 2014, 10:00 am<br><br>Courtroom 5, 17th Floor |

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com LLC ("Barnes & Noble" or "B&N") and Defendants LSI Corporation and Agere Systems LLC ("LSI") by and through their undersigned counsel, certify that they met and conferred prior to the case management conference scheduled for March 25, 2014 and jointly submit this Third Supplemental Joint Case Management Statement.

The following events have occurred since the parties filed their Second Supplemental Joint Case Management Statement on April 4, 2013 [Dkt. No. 196]:

I. **PROCEDURAL HISTORY**

On May 15, 2013, the parties filed a stipulation allowing LSI to amend its counterclaims and infringement contentions to add five supplemental patents to the case, and proposing that claim construction for the supplemental patents be done in conjunction with the four previously asserted patents. [Dkt. No. 220.] On May 20, 2013, LSI filed its amended counterclaims against B&N. [Dkt. No. 228.] On June 20, 2013, B&N filed its answer to LSI's amended counterclaims. [Dkt. No. 232.] On July 15, 2013, LSI filed its answer to B&N's counter-counterclaims. [Dkt. No. 233.]

B&N and LSI submitted a Supplemental Joint Claim Construction and Prehearing Statement on November 15, 2013. [Dkt. No. 262.] The parties provided in that statement the information required by Patent L.R. 4-3, including identification of agreed constructions (Appendices A-1 and A-2), proposed constructions for disputed terms (Appendices B-1 and B-2), a list of most significant disputed terms for construction, anticipated length of the claim construction hearing, and the parties' respective positions on the role of expert witnesses.

The parties completed claim construction briefing on February 24, 2014 (*see* Dkt. Nos. 268, 270, 273, and 276). At the Court's direction, B&N and LSI submitted a Second Supplemental Joint Claim Construction and Prehearing Statement on March 6, 2014, in which the parties identified ten terms for construction from six of the nine currently asserted patents. [Dkt. No. 262.]

The Court held a technical tutorial on March 10 and 11, 2014.  At that tutorial, the Court scheduled a further case management conference to be held at the conclusion of the claim construction hearing on March 25, 2014.

No motions are currently pending before this Court.

## II.  SCHEDULING

On May 15, 2013, the Court entered an order setting a schedule for claim construction briefing, tutorial, and hearing.  [Dkt. No. 221.]

This case does not currently have a schedule for proceedings after claim construction.

The parties anticipate filing either dispositive motions or motions for summary adjudication subsequent to receiving the Court's decisions on claim construction disputes.

### A.  B&N's Position on Scheduling

B&N believes that the parties have presented fundamental disputes regarding the scope of those claim terms addressed in the parties' claim construction briefs and that the disputes require judicial resolution.  B&N has made good faith efforts to narrow and to limit the number of claim construction disputes, and to focus the disputes before the Court (including by omitting argument on several disputed terms in order to comply with the Court's page limits) despite the fact that LSI continues to assert an unreasonable number of patents, and an unreasonable number of claims from those patents.  B&N respectfully requests that the Court issue a ruling on each of the terms disputed in B&N's Responsive Claim Construction Brief and set a date certain for LSI to reduce its asserted claims and patents to manageable numbers in the wake of the Court's ruling.  [See Dkt. No. 270-4.]  Once the Court has issued its claim construction ruling and LSI has narrowed the scope of its case, B&N suggests holding a further case management conference to discuss remainder of the case schedule.

LSI currently asserts 146 claims from nine unrelated patents, which this Court has acknowledged are not manageable numbers.  Accordingly, B&N reserves its rights to seek additional claim construction rulings in the event circumstances require.  Depending on the issues that remain after the Court's claim construction ruling on the current briefing and LSI's narrowing

of its asserted claims and patents, the parties may be able to brief, and the Court may be able to resolve, additional claim construction disputes in connection with summary judgment briefing.

### B. LSI's Position on Scheduling

At last week's claim construction tutorial, the Court indicated that it had not yet decided whether it would construe the full set of disputed claim terms or whether it would construe only those terms identified by the parties as the ten most significant to the disposition of the case. LSI respectfully requests that the Court now undertake the proper construction of *all* terms over which the parties have a material dispute, rather than construing only the ten most significant terms now and the remaining disputed terms later in the case.

The parties have limited the disputes presented in claim construction briefing to just *seventeen* claim terms or groups of claim terms. Given that the parties have identified only seventeen groupings of claim terms in dispute, any complaints B&N has raised about the number of patents or patent claims currently asserted are not well taken. Moreover, it was *B&N* that initiated this lawsuit, and asserted declaratory judgment claims regarding *eleven* patents—B&N should not be heard now to complain about moving forward on *nine* patents.

It would further be premature for the Court to impose limits on the number of patent claims that should proceed to trial prior to claim construction or to impose any kind of severance without giving LSI a full opportunity to brief the factual and legal issues raised by any such procedure, including the due process issues and Seventh Amendment issues. Were the Court to only construe the ten terms identified by the parties as most significant, the Court would effectively *exclude* from its *Markman* Order three of the asserted patents (the '663, '552, '006 patents). The Court's initial *Markman* Order would resolve all remaining disputes for only *two* of the remaining six patents. For the other patents, (the '867, '958, '730 and '420 patents), additional terms would remain in dispute. Without the benefit of the Court's construction of these terms, the parties are unlikely to resolve their disputes, which remain even after extensive meet and confer efforts.

The Court has already made a substantial investment of time at the tutorial in coming up to speed on all of the asserted patents, and the parties have also already briefed all of the claim terms in dispute.  As the Court will no doubt have to resolve these remaining disputes prior to trial, the Court's choice is between engaging in a phased claim construction beginning with the ten terms the parties have identified or resolving all disputes once and for all in its initial *Markman* Order.  The latter option will provide the parties with more complete guidance from the Court and will be of assistance in narrowing the scope of the disputes between them.

LSI submits that in this matter, limiting the initial claim construction to ten terms when there are nine patents-in-suit ultimately will not serve the interests of speedy and efficient disposition of the action.[1]  While early *Markman* hearings and Orders on a subset of disputed terms are sometimes utilized as a mechanism to promote settlement while minimizing expense to the parties and the Court, such a procedure would not be appropriate here  The disputes the parties have identified span across the patents in suit, and are material in nature.

Under the Federal Circuit's opinion in *O2 Micro*, "[w]hen the parties raise an actual dispute regarding the proper scope of the claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).  While "district courts are not (and should not be) required to construe *every* limitation present in a patent's asserted claims . . . , [w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *Id.* at 1362 (emphasis in original).

## II. SETTLEMENT AND ADR

The parties engaged in mediation before the Honorable Paul R. Michel on January 17, 2013, but were unable to resolve the dispute.

---

[1] Though Patent L.R. 4-3(b) requires the parties to identify the ten most significant terms to the disposition of the case, that rule does not require or contemplate that the Court only construe those ten terms where the disputes are not limited to just those terms.  Indeed, the Rule is meant to assist the Court in identifying the most important disputes for purposes of resource allocation and to ensure that the Court properly prioritizes the disputes.  *See* January 2008 Patent Local Rules Advisory Subcommittee Report at 2 ("By requiring the 10 most significant terms to be identified, priorities can be identified and resources can most efficiently be deployed to particular claim terms—without resort to a fixed cutoff altogether of the number of terms to be construed.").

### A. B&N's Position on ADR

B&N is open to participating in further mediation or other mutually agreeable procedures for ADR following the Court's ruling on claim construction. Before further mediation would be productive, however, LSI must present a good faith, updated settlement demand, including RAND terms, that takes into account recent unfavorable decisions regarding the '867, '958, and '663 patents, namely the March 4, 2014 Commission Notice terminating ITC Investigation No. 337-TA-837 (terminating investigation after ALJ's initial determination of noninfringement of LSI's '867, '958, and '663 patents, and, after the '663 patent was removed by settlement, finding invalidity of the '958 patent) , and this Court's May 20, 2013 decision in *Realtek Semiconductor Corp. v. LSI Corp.*, No. 5:12-cv-03451-RMW (N.D. Cal.) (Dkt. No. 102) (holding that LSI breached its RAND licensing obligations for the '867 and '958 patents) , and the March 26, 2014 jury verdict in that case (Dkt. No. 324) (finding RAND royalty rates to be 0.12% of total sales of Realtek's integrated circuit components for the '958 patent and 0.07% of total sales of Realtek's integrated circuit components for the '867 patent, and awarding Realtek $3,825,000.00 in damages for LSI's breach of its contractual obligations).

### B. LSI's Position on ADR

LSI would be willing to engage in further private mediator-assisted negotiations following the Court's resolution of the claim construction issues identified as being in dispute in the parties' Joint Claim Construction Statement.

B&N's further posturing with respect to settlement is wholly inappropriate. LSI will not respond other than to note that since as B&N well knows, it has had an LSI license proposal in hand since before B&N elected to file this action, its citations represent a clear and wholly improper attempt to mislead the Court. B&N well knows that any attempt to analogize its situation to that found in *Realtek* is a misrepresentation.

Indeed, in discussing other litigation, B&N conveniently omits that, as the Commission terminated Investigation No. 337-TA-837 on March 4, 2014 without adopting or taking any position as to the ALJ's findings with respect to the '867, '087, and '663 patents, that opinion's

findings with respect to those patents carry no weight. Moreover, as the Commission found that LSI had failed to establish a domestic industry for the '958 patent, and thus the Commission's jurisdiction over the related claims, its purported findings as to the invalidity and noninfringement of the asserted claims of that patent are *dicta*. B&N also omits from its recitation of prior holdings the fact that LSI elsewhere obtained summary judgment of infringement as to the '867 patent, and successfully resisted summary judgment of non-infringement as to the '958 patent, in *Agere Sys. Inc. v. Sony Corp.*, No. 2:06-cv-0079-TJW-CE (E.D. Tex.) (Dkt. Nos. 284 at 43 and 303 at 52). These outcomes are in addition to a jury verdict finding infringement of the '730 patent (Dkt. No. 416).

Dated: March 18, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ David Eiseman*
David Eiseman
Attorneys for Plaintiff
Barnes & Noble, Inc. And
barnesandnoble.com llc

Dated: March 18, 2014

FENWICK & WEST LLP

By: */s/ Ravi Ranganath*
Ravi Ranganath
Attorneys for Defendants
LSI Corporation and
Agere Systems LLC

## ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, David Eiseman, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of March, 2014, in San Francisco, California.

By: David Eiseman
David Eiseman