

SILICON VALLEY   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL: 650.988.8500   FAX: 650.938.5200   WWW.FENWICK.COM

April 29, 2014

CHARLENE M. MORROW

EMAIL CMORROW@FENWICK.COM
Direct Dial (650) 335-7155

**FILED ELECTRONICALLY VIA ECF**

The Honorable Edward M. Chen
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 5, 17th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

    Re:    *Barnes & Noble, Inc., et al. v. LSI Corp, et al.*, No. 11-cv-02709-EMC (LB)

Dear Judge Chen:

    Defendants LSI Corporation and Agere Systems LLC ("LSI") respectfully submit this proposal for the restructuring of this litigation to simplify the issues to be tried to an initial jury, as directed by the Court at the April 22, 2014 case management conference. LSI presents this proposal without waiving its objections to the Court-ordered restructuring of the case, and hereby reserves its right to seek review of any issues such restructuring may present. LSI makes this proposal with the understanding that any patents or patent claims that are not tried to an initial jury will be triable to a subsequent jury in a later phase of the case, and that no preclusion or estoppel will apply to these remaining patents or patent claims as a result of an initial judgment. The parties conferred concerning this proposal on April 29, 2014.

    Following the Court's direction to simplify the case, LSI proposes that the case be divided into two phases. The first phase will involve the adjudication of a subset of claims from five of the nine currently asserted patents (collectively, the "Phase 1 Patents"). The second phase will involve the adjudication of any remaining claims from the Phase 1 Patents plus any additional claims from any remaining asserted patents.

    To determine which five patents should be included in the Phase 1 Patents and which claims from those five patents should proceed in the first phase, LSI asks the Court to construe one additional term. LSI will also require the full production of relevant source code for the Accused Products before completing this assessment.

    With respect to further claim construction, LSI requests that the Court construe the term "suitable for multipath environments" from the asserted U.S. Patent No. 6,452,958 ("the '958 patent"). The term "suitable for multipath environments" appears in a subset of the asserted claims of the '958 patent. Construing the term will allow LSI to determine whether to include the '958 patent in the Phase 1 Patents, and if so, which asserted claims of the '958 patent should

The Honorable Edward M. Chen
April 29, 2014
Page 2

proceed in the first phase.  LSI makes this proposal without waiver of the ability to later seek additional constructions for the patents and patent claims reserved for the second phase.

LSI also requires B&N and third parties to complete their production of relevant source code and firmware in order to determine whether the Phase 1 Patents should include one or more of U.S. Patent Nos. 5,870,087; 6,982,663; and 5,452,006, and if so, which asserted claims from those patents should proceed in the first phase.  The missing relevant source code and firmware include several code modules relating to the decoding and displaying of videos and are needed because U.S. Patent Nos. 5,870,087; 6,982,663; and 5,452,006 are all directed to aspects of the decoding and playing of videos.  LSI cannot complete its determination of which patents and asserted claims to include in the first phase without review of this code and firmware.  Pursuant to the Court's guidance, LSI has asked B&N for a conference of counsel regarding the remaining source code and firmware production issues.  The parties intend to meet and confer on Friday, May 2, 2014, and, if needed, will submit a letter brief to Judge Beeler by May 16, 2014.  LSI is also currently working with third parties to obtain the outstanding source code from those parties and hopes to have that code by the time this Court construes the single claim term for which LSI is seeking construction for the first phase of the case, so that it can make a final determination regarding which patents and claims should be included in the first phase.

Once the Court construes the single term identified above, and B&N and the third parties complete the production of source code and firmware, LSI will be able to identify the five Phase 1 Patents, and to select no more than 5 claims per patent for a total of no more than 25 claims for adjudication in the first phase.

LSI proposes that B&N likewise be required to simplify its case, as it promised the Court it would.  Given the stated purpose of this case restructuring is simplification of issues that may be submitted to a jury, LSI believes that the simplification of B&N's overly complex defenses is necessary to accomplish this goal.  As noted in the most recent joint case management report and as argued to the Court at the case management conference of April 22, 2014, LSI believes that it is entitled to summary judgment of infringement with respect to at least four of the patents in suit.  In its claim construction order, the Court rejected B&N's attempt to limit the claims of U.S. Patent No. 5,870,087 to a "single chip" memory and it is now undisputed that B&N's accused products use the claimed unified memory.  With respect to U.S. Patent No. 6,982,663, the Court's construction rendered B&N non-infringement arguments moot and its use of the claimed Unary-exp-Golumb decoding for its video functionality infringes the claims of this patent.  With respect to U.S. Patent No. 5,546,420, the Court rejected B&N's attempt to limit the claims to physically separate signals, thus making B&N's non-infringement arguments no longer applicable.  Finally, on U.S. Patent No. 5,452,006, the Court rejected B&N's attempt to conflate the "further parsing" step with the separate step of translating, thus mooting B&N's non-infringement positions as to those claims too.  Summary judgment on these patents would make any trial much less complicated given that B&N will be an adjudicated infringer.  Where the complexity may come in would be from issues involving B&N's defenses, which are more likely to reach the jury.  Simplification of those defenses is thus more important than whether 16 or 25 claims are asserted.  Accordingly, LSI proposes that B&N identify no more than 4 prior art references per patent for, as B&N agreed, a total of no more than 20 prior art references for the

The Honorable Edward M. Chen
April 29, 2014
Page 3

first phase of the case.[1]  In addition, B&N should be permitted to assert no more than two grounds of indefiniteness and one ground of unenforceability as to each of the five patents in the first phase.

      The case structure LSI proposes would simplify the issues to be tried to an initial jury, as required by the Court, by limiting both the asserted claims and the asserted defenses in a first phase of the case.  LSI respectfully requests that the Court adopt its proposal.

                                      Sincerely,

                                      FENWICK & WEST LLP

                                      */s/ Charlene M. Morrow*

                                      Charlene M. Morrow

cc:  All counsel of record (*via ECF*)

---

[1] LSI notes that the Model Order cited by Barnes & Noble to support a different proposal has been removed from the Federal Circuit web site, with the notation that the Federal Circuit has not endorsed the Order. http://www.cafc.uscourts.gov/the-court/advisory-council.html